## FARMERS' STATE BANK OF TEMPLE v. ANDRUSS.

No. 4837—Opinion Filed June 13, 1916.

Rehearing Denied May 29, 1917.

(165 Pac. 172.)

(Syllabus by the Court.)

**Judgment—Res Judicata—Item of Bank Deposit.**

A bank brought suit upon a bill of exchange, alleging a certain balance due thereon after allowing certain credits, and the defendant answered by general and special denial and set up other matters by way of counterclaim; judgment was rendered for defendant. Thereafter the defendant brought suit to recover on an item which had been admitted by the plaintiff as a credit in the former suit. Held, that the former judgment was a bar to an action upon said item.

Error from County Court, Comanche County; W. J. Ray, Judge.

Suit by E. H. Andruss against the Farmers' State Bank of Temple, Okla. Judgment for plaintiff, and defendant brings error. Reversed.

Hamon & Ellis, for plaintiff in error.

W. C. Henderson, for defendant in error.

HARDY, J. E. H. Andruss brought suit against the Farmers' State Bank upon a deposit made by him in the Farmers' National Bank of Temple, which had been reorganized as the Farmers' State Bank. The bank answered and alleged that in litigation theretofore had between the parties the matters involved were adjudicated and determined, and pleaded the judgment therein as a bar to plaintiff's action. Only the pleadings in the former case were introduced in evidence, from which it appears that the Farmers' National Bank sued Andruss upon a bill of exchange in the sum of $8,690.15, less certain credits including the following: "8-7. Dep. Balance, $436.39"—which is the item in controversy. The bill of exchange was attached to the petition, and plaintiff expressly admitted said item as a credit upon the amount claimed to be due. Andruss filed answer in that litigation, containing a general and specific denial and specifically denying the execution of the bill of exchange as sued on, but alleging and admitting the execution of a bill of exchange upon the same date for the same amount in favor of the bank, and pleading that said bill of exchange had been altered, in that it was made to provide therein for interest after date when the original instrument contained no such provision, and as a further defense alleged that he had become indebted to the bank for money advanced to enable him to buy cotton, the tickets for which were delivered to the bank and the cotton shipped to certain cotton brokers at Houston, Tex.; that between the date of said draft and the 6th day of July, 1908, he had received certain credits thereon, and on said day the true amount owing to the bank was $2,096.45, and that by the sale of said cotton he became entitled to an additional credit of $2,446.52, which would extinguish the balance due upon said bill of exchange and leave the bank indebted to him in the sum of $350.07, for which judgment was

prayed. Trial in that case resulted in a verdict and judgment for defendant, Andruss, in the sum of $194.07, which amount was satisfied and paid by the Farmers' State Bank.

The sole question presented is whether the item of $436.39 was in issue and was adjudicated in the former suit. To determine this question we are confined to an examination of the pleadings and verdict, for that is all of the record in the former case before us. The petition of the bank in that case set out the bill of exchange with certain credits, including the item in controversy, and prayed judgment for the balance after allowing said credit. Counsel say that the answer of defendant, Andruss, contained a general denial, and set up a state of facts which showed that, on August 7, 1908, the date the deposit was applied by the bank as a credit upon said bill of exchange, Andruss was not indebted to the bank in any sum, but instead the bank was indebted to him, and because in his answer he enumerates certain credits properly applied upon this indebtedness by the bank, and said deposit was not included in the list, when the jury rendered a verdict in his favor this was a finding that said sum had been wrongfully charged off by the bank. The mere fact that his answer contained a general and specific denial was not a disclaimer of the credit allowed by the bank. Ebert v. Long, 43 Minn. 235, 45 N. W. 226; Abbott v. Stevens, 117 Mass, 340. If in fact Andruss was indebted to the bank and had on deposit in the bank a sum of money to his credit, the bank had the right to appropriate the sum on deposit to his credit and apply the same to the satisfaction and discharge of any indebtedness owing by him to the bank. Walters National Bank v. Bantock, 41 Okla. 153. 137 Pac. 717, L. R. A. 1915C, 531. The pleadings clearly apprised the defendant that the sum in controversy had been applied as a credit upon the amount alleged to be due, and that the amount claimed by the bank had been reduced to that extent. Such credit having been applied by the bank upon the amount claimed to be due would naturally be treated by the jury as a credit thereon, and would be considered by them as an extinguishment of the bank's demand to the amount of such deposit in the adjustment of the respective claims of the litigants, and for defendant under those circumstances to permit the trial to proceed in the face of such allegations, without expressly disclaiming said credit and seeking recovery against the bank for the amount thereof, would warrant the jury in considering said sum as a credit upon plaintiff's original demand, and would authorize the court and jury to assume that defendant had acquiesced in such application

and consented to the allowance of such credit in his favor. Ebert v. Long, supra. The jury did not adopt entirely the theory of either party, but the verdict evidences the fact that there was an adjustment of the respective claims of each. This item, having been allowed as a credit upon the plaintiff's demand, was clearly within the issues made by the pleadings, and the judgment was a determination of all of the issues within the pleadings as framed, and constitutes a bar to an action by either party thereon.

It is said, however, that Andruss made no claim in his cross-petition against the bank for said sum, and therefore said item was not involved and was not determined. If he intended to disavow said credit as allowed by plaintiff and to claim said amount over against the bank, it was his duty in that case, after the bank had appropriated the same to the payment of its alleged claim, to present in that litigation any right or claim which he might have had and which he now urges for a recovery of that item. Ebert v. Long, supra; Abbott v. Stevens, supra.

For the reasons stated, the plea of res judicata was well taken, and the judgment is reversed.

All the Justices concur, except THACKER, J., absent.