UNION GUARDIAN TRUST CO. *v.* FIRST NATIONAL
BANK-DETROIT.

1. ELECTION OF REMEDIES — EXECUTORS AND ADMINISTRATORS —
FORGED WITHDRAWAL SLIPS—BANKS AND BANKING.
    Administrator of decedent's estate, although a defendant in suit
    for accounting, brought by guardian of minor heirs in which
    it accepted affirmative relief in decree against individual de-
    fendant ordering her to make restitution of sums belonging to
    estate which she obtained by forging withdrawal slip at bank
    *held,* to have made such election of remedies as to estop it
    from subsequently recovering such sum from bank in action
    at law.

2. SAME—AFFIRMATIVE RELIEF—ATTORNEY AND CLIENT.
    Administrator of decedent's estate, which petitioned for and
    obtained supplemental decree granting it affirmative relief as
    to other matters in suit brought against it and others by
    guardian of minor heirs, incident to which suit petition for
    payment of attorney's fees out of estate was filed and state-
    ment made by attorney for guardian, who is also attorney for
    plaintiff herein, that suit was brought to recover estate funds
    obtained from bank by forged withdrawal slip, made such
    election of remedies as to preclude recovery from bank in sub-
    sequent action at law.

3. JUDGMENT—ESTOPPEL—ELECTION OF REMEDIES.
    Administrator with full knowledge of forgery of withdrawal slip
    whereby intestate's daughter obtained funds on deposit with
    defendant herein before taking decree ordering her to pay
    administrator such funds in chancery suit by guardian of
    minor heirs *held,* estopped by decree to obtain such amount
    from bank in subsequent action at law.

4. ELECTION OF REMEDIES—INCONSISTENT THEORY OF FORMER CASE.
    Recovery by administrator in its action of assumpsit against
    bank from which intestate's daughter had obtained funds by
    forging withdrawal slip is denied where previous suit by

guardian of minors against administrator, the forger and others resulted in decree ordering forger to make restitution to estate since recovery *ex contractu* in instant case is based on theory bank still has money, a wholly inconsistent theory to that of former case whether it be considered as action *ex contractu* or *ex delicto*.

5. BANKS AND BANKING—ESTATES OF DECEDENTS—FORGERY—WITH-
DRAWAL OF DEPOSIT—JOINT TORTFEASORS.

In action at law by administrator against bank for sums on deposit at time of intestate's death but subsequently withdrawn by intestate's daughter on forged withdrawal slip, evidence *held*, insufficient to sustain plaintiff's claim it was joint tortfeasor so as to permit separate action against each of the wrongdoers.

Appeal from Wayne; Webster (Clyde I.), J. Submitted January 24, 1935. (Docket No. 156, Calendar No. 38,235.) Decided April 12, 1935.

Assumpsit by Union Guardian Trust Company, a Michigan corporation, administrator of the estate of Mary Jozefiak, deceased, against First National Bank-Detroit and C. O. Thomas, its conservator, for funds on deposit at death of intestate. Judgment for defendants. Plaintiff appeals. Affirmed.

*Harry J. Lippman* and *Stanley J. Domzalski,* for plaintiff.

*Henry F. Massnick,* for defendant First National Bank-Detroit.

*Robert S. Marx,* for defendant Thomas.

NORTH, J. At the time of her death Mary Jozefiak had on deposit in the Peninsular State Bank of Detroit, now First National Bank-Detroit, $7,925.23. Immediately following Mrs. Jozefiak's death her

daughter, Josephine Demetroff, by means of a forged withdrawal slip had these funds transferred to another account in the same bank, and they were subsequently withdrawn. Later the guardian of two grandchildren of deceased, heirs to her estate, believing that the estate had been depleted by means of certain forged deeds and other fraudulent instruments, began suit against the guilty parties for the purpose of restoring the property to the estate. Mrs. Jozefiak died intestate and the Union Trust Company, now Union Guardian Trust Company, became administrator of her estate. The administrator refused to institute the suit above mentioned and therefore was made a party defendant along with four heirs of the Jozefiak estate. The relief sought was cancellation of four deeds and further:

"That this court decree that all of the property both real, personal and mixed of whatsoever kind or nature heretofore the property of the said Mary Jozefiak, deceased, and now in the possession of said defendants or any of them, be the property, assets and effects of the estate of the said Mary Jozefiak. * * * That the said defendants herein and each of them be by decree of this court, required to come to a true and just accounting with the Union Trust Company, administrator of the estate of Mary Jozefiak, deceased * * * and that these said defendants * * * upon such accounting be required to deliver over unto said Union Trust Company as such general administrator as aforesaid, all property, assets and effects of said estate aforesaid."

The administrator appeared by separate counsel, answered, assumed a neutral position and asked no affirmative relief. Josephine Demetroff and other defendants answered and the case was heard in open court. During the trial the issue was tried out as to

the above-mentioned withdrawal slip being a forgery. This evidently was done under the general and broad allegations of the bill which included the following:

"Your plaintiff further shows that * * * the said Mary Jozefiak, during her lifetime, was possessed of considerable other real and personal property of considerable value, to-wit, of the value of no less than $50,000 or thereabouts, * * * your plaintiff in addition thereto representing that the said Mary Jozefiak, at the time of her death, did have on hand and in banks, the sum of upwards of $10,000, * * * and all of which property, assets and estate * * * have been wrongfully and fraudulently taken possession of by said defendants herein * * * to the exclusion of your plaintiff as guardian of said minors as aforesaid."

Decree for plaintiff in the above case was appealed to this court and affirmed. *Domzalski* v. *Jozefiak,* 257 Mich. 273. As disclosing that the forged withdrawal slip was involved in the former case, we quote briefly from the opinion:

"The issue presented by the bill and answer for decision in the trial court was whether four deeds, a bill of sale, and a bank withdrawal slip, purporting to have been signed by Mary Jozefiak, are genuine or forgeries. The decision of the trial judge is that they are forgeries."

The decree in the former case was prepared and presented by the attorney who represents the plaintiff in the instant case. While he appeared only for the guardian who was the plaintiff in the former case, this record discloses that throughout the trial he also represented the administrator and looked after the interests of the estate of Mary Jozefiak.

As a witness in the instant case the attorney testified:

"At the time I was appearing before Judge Brennan (in the chancery suit), I was there in a dual capacity. I was representing the administrator and Mr. Domzalski (the guardian).  *  *  *  When I was representing the two parties, the administrator and the guardian, at the time of the trial, I naturally bent my efforts on behalf of both parties to the obtaining of a decree in conformity with the prayer as contained in my bill."

We must presume that the attorney who actively represented the administrator had knowledge or notice of the contents of the decree at the time it was settled. In part the decree provided:

"It is further ordered, adjudged and decreed that the withdrawal of the sum of $7,925.23 by the within named defendant, Josephine Demetroff from the Peninsular State Bank, a Michigan corporation, under date of March 1, 1928, effected by means of a withdrawal slip bearing date February 27, 1928, which said withdrawal slip did purport to contain the signature of Mary Jozefiak, deceased, was a fraudulent act engaged in by the said Josephine Demetroff, one of the within named defendants, without right or authority and for the purpose of defrauding the estate of Mary Jozefiak, deceased, from said funds, it being further ordered, adjudged and decreed that said withdrawal slip  *  *  *  is a forgery.  *  *  *

"It is further ordered, adjudged and decreed that the within named defendant, Josephine Demetroff, do forthwith *pay unto the Union Trust Company* (now Union Guardian Trust Company), *as administrator of the estate of Mary Jozefiak, deceased, the sum of $7,925.23* being the moneys of Mary Jozefiak, deceased, at the time of her death so then on deposit

to her account at the Peninsular State Bank (now First National Bank-Detroit).''

The money decreed to have been paid to the administrator by Josephine Demetroff was not paid; and the administrator brought this suit at law against the bank to recover the money which was on deposit in Mary Jozefiak's account at the time of her death. Defendant had judgment and plaintiff has appealed.

At the outset plaintiff is met with the defense that by taking decree in the chancery case it made an election of remedies and is thereby estopped from recovering herein. Appellant asserts that it has not made an election of remedy and in support of its contention assigns several reasons.

First it is pointed out that the administrator was not a party plaintiff in the chancery suit, but instead was made a party defendant and as such it sought no affirmative relief. It may be noted that the suit in chancery, insofar as it looked to the recovery of moneys deposited in the bank, could have been, and perhaps should have been, brought by the administrator. Had objection been urged, it seems apparent that relief of this character could not have been granted to the administrator without an amendment to the pleadings in that case. Literally it is true that the administrator did not in its pleading ask for affirmative relief; but it is equally true that while the case was pending affirmative relief was tendered to and accepted by the administrator. The fact that the administrator did not amend its pleadings accordingly, is now of no consequence. Having accepted the decree and the affirmative relief granted therein, plaintiff now stands in the same position as though it had asked affirmative relief.

Further, it may be noted that after decree was entered in the chancery case, the administrator (plaintiff herein) did file a petition asking for a supplemental decree granting it affirmative relief and such supplemental decree was entered, although it did not have to do with relief touching the bank deposit. And further the attorney for the plaintiff in the former case, who is also attorney for plaintiff in the instant case, filed a petition by which he sought an attorney's fee payable out of the estate of Mary Jozefiak, deceased, and as bearing upon his right to such compensation he stated:

"The relief in said proceeding sought, being the vacation of four certain warranty deeds, alleged to be forgeries, one bill of sale alleged to be forgery *and the recovery of $7,925.23 withdrawn from the Peninsular State Bank, a Michigan corporation, under a withdrawal slip alleged to be a forgery.*"

The circuit judge was right in holding in the instant case that regardless of the technical aspect of the pleadings in the chancery suit the administrator, there as here, stood in the position of a plaintiff seeking affirmative relief and as such plaintiff was decreed affirmative relief.

But it is also urged in behalf of appellant that it is not estopped by the decree in the former case because when that case was instituted the administrator did not have knowledge of the forgery; and that unless the administrator acted knowingly there was no election of remedies and no estoppel. This contention cannot be sustained. Both before and at the time of taking the decree granting affirmative relief the administrator had full knowledge concerning the alleged forgery. There is no merit to appellant's contention now made that the administrator

did not have such knowledge until the former case was appealed to and affirmed by this court. *Sackett v. Farmers State Bank of Boone,* 209 Iowa, 487 (228 N. W. 51).

But appellant asserts a right to recover in the instant case on the broader ground, that the suit in chancery and the instant suit at law were concurrent and not inconsistent remedies. In this connection appellant points out (although appellee claims to the contrary) that recovery in the chancery case was on the ground of fraud, *i. e.,* that Josephine Demetroff fraudulently withdrew from the bank by means of a forged withdrawal slip money belonging to the estate of Mary Jozefiak, deceased; while right to recover in the present suit is asserted both on the ground of the bank's contract obligation to pay the money to the Jozefiak estate and also on the ground that the bank is liable because it was a joint tortfeasor in consummating the fraud by means of which Josephine Demetroff obtained the money belonging to the Jozefiak estate. These distinct grounds of recovery in the instant case are set forth in separate counts in the declaration.

In determining whether plaintiff can recover in the instant case on the theory of the defendant's contract obligation, it is of no consequence whether recovery in the former suit was *ex contractu,* as asserted by appellee, or on the ground of fraud, as asserted by appellant. In either case the plaintiff could not have recovered in the former suit except on the assumption that the money belonging to the estate of Mary Jozefiak had been withdrawn from the bank by the defendant Josephine Demetroff. If she had not withdrawn the money belonging to the estate (rather than other money belonging to the bank) there could have been no recovery in the

former case on the ground of an implied contract to repay the estate money belonging to it as money had and received by Josephine Demetroff. Nor could there have been recovery in the former case on the ground of fraud except upon the theory that Josephine had wrongfully possessed herself of money belonging to the Jozefiak estate, rather than of money belonging to the bank. Otherwise the estate could not have been defrauded. On either theory recovery in the former case was necessarily based upon the fact that Josephine had the money belonging to the estate. If she had it, of course the bank did not have it. Therein lies the inconsistency between the former case and the present suit at law insofar as recovery is now sought on the basis of a contract obligation. Recovery *ex contractu* cannot be had in the instant case except upon the theory that the bank has in its possession the money deposited with it by Mary Jozefiak. Such an assumption is wholly inconsistent with the theory upon which the estate was decreed relief in the chancery suit. Because plaintiff previously elected between inconsistent remedies, it cannot recover on the ground of a contract obligation in the instant case. *Brown* v. *People's National Bank,* 170 Mich. 416 (40 L. R. A. [N. S.] 657); *Crook* v. *First National Bank of Baraboo,* 83 Wis. 31 (52 N. W. 1131, 35 Am. St. Rep. 17); *Sackett* v. *Farmers State Bank of Boone, supra; Fowler* v. *Bowery Savings Bank,* 113 N. Y. 450 (21 N. E. 172, 4 L. R. A. 145, 10 Am. St. Rep. 479); *Crane* v. *Atlanta & Lowry National Bank,* 40 Ga. App. 83 (149 S. E. 58); *Jones* v. *First National Bank of Lincoln,* 3 Neb. (Unofficial) 73 (90 N. W. 912); *Kaszab* v. *Metropolitan State Bank,* 264 Ill. App. 358; *Midland Savings & Loan Co.* v. *Tradesmen's National Bank* (C. C. A.), 57 Fed. (2d)

686. As noted above, appellant also asserts the right to recover on the ground that the bank was a joint tortfeasor. In substance, appellant, in support of this contention urges that the bank was inexcusably negligent in failing to discover that the signature to the withdrawal slip was a forgery; and also in permitting withdrawal of the funds after the bank's agent had knowledge of the death of Mary Jozefiak, the withdrawal slip being dated prior to her death. Carelessness on the part of the bank, and consequent breach of its duty, may be admitted; but it does not follow that the bank was a joint tortfeasor and in consequence thereof plaintiff has, as it asserts, the right to proceed separately against each of the wrongdoers. Without passing upon the question of whether plaintiff's theory is otherwise tenable, it is sufficient to note that it is not sustained by the testimony in this case. We quote from the testimony of Mr. Wierzbicki, the manager of the branch bank from which the money was withdrawn:

"I was manager but I also acted paying teller sometimes. When Josephine Demetroff came to the bank I was in the second window doing some work with the young lady there, showing her some work. Josephine Demetroff told me her mother was very sick and I told her I was very sorry, then she told me she wanted a withdrawal slip. Mary Jozefiak had a dry goods store, but I don't know whether this money was part of the store account, but it was a savings. I presume that I associated that account with the store. I believed the signature to be genuine on exhibit 5 (the withdrawal slip), and believing that signature to be genuine I transferred this money to another account out of the account of Mary Jozefiak. Josephine Demetroff spent some time in her mother's store, in fact she ran the business, she also had power of attorney to transact all

bank business; she was a trusted daughter and employee. * * * When you don't pay close attention it is a good specimen of forgery. * * * I thought it valid after examining the circumstances and transferred the account with the belief that it was a good signature. * * * She (Josephine) told me she wanted this transferred so she wouldn't have any trouble because they needed that to transact their business. The commercial account never was a large one. Inasmuch as she was always doing business, had the power of attorney to sign all checks and do everything for her in that one account there for her mother. I checked the signature and knowing who I was dealing with, and the money wasn't going out of the branch, I put it on the new account."

Notwithstanding there is testimony from which it appears that the power of attorney above referred to did not apply to this particular bank account, that at the time the funds were transferred the manager had been told of Mrs. Jozefiak's death, and that it now appears that the falsity of the signature could have been, and perhaps should have been, detected, still the record by no means sustains plaintiff's contention that the bank was a joint tortfeasor.

For the reasons hereinbefore indicated plaintiff cannot recover. Judgment entered in the circuit court is affirmed.

POTTER, C. J., and NELSON SHARPE, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. FEAD and BUSHNELL, JJ., did not sit.