JUSTINE HANSEN, as Administratrix of the Estate of HERMAN HANSEN, Also Known as HERMAN M. HANSEN, Deceased, Appellant, v. BROOKLYN TRUST COMPANY, Respondent-Appellant, and THE NATIONAL CITY BANK OF NEW YORK, Impleaded Respondent-Appellant, and DIME SAVINGS BANK OF BROOKLYN, Impleaded Respondent.— The action was to recover, on the theory of conversion, the amount of a check alleged to have been paid by the Brooklyn Trust Company on an alleged forged indorsement of Herman Martinjus Hansen, who died two days after the check was alleged to have been indorsed by him, it being claimed by the plaintiff that the decedent was in a state of coma and incapable of writing or understanding the nature of his act at the time the check was said to have been indorsed by him. On the trial before the court, without a jury, it was held that the

indorsement was genuine. The weight and sufficiency of the testimony was a question for the trier of the facts who saw and heard the witnesses. (*Boyd* v. *Boyd*, 252 N. Y. 422; *York Mortgage Corp.* v. *Clotar Const. Corp.*, 254 id. 128, 134; *Costa* v. *Benger*, Id. 510.) On examination of the disputed signature in comparison with those admittedly genuine, we are of opinion that the indorsement on the check is in the handwriting of decedent. Judgment unanimously affirmed, with one bill of costs to Brooklyn Trust Company, as respondent, against plaintiff-appellant. The defendants appeal on the ground that the complaint should have been dismissed as a matter of law for the reason that the plaintiff had ratified the indorsement on the check and had made an election of remedies by pursuing to a decree in the Surrogate's Court of Kings county a discovery proceeding wherein she recovered against the Ostbergs, who had received the avails of the check and other money withdrawn from the Greater New York Savings Bank on a withdrawal slip also alleged to have been forged. We think the complaint should have been dismissed on this ground (*Fowler* v. *Bowery Savings Bank*, 113 N. Y. 450; *Riley* v. *Albany Savings Bank*, 36 Hun, 513); and that the defendants became entitled to enter judgment on such ground and may enter such judgment, if they so elect, in lieu of the judgment of affirmance. Present — Young, Hagarty, Davis, Adel and Taylor, JJ.