AUDREY C. MACE, as Executrix, etc., of MICHAEL J. CARY, Deceased, Respondent, v. ROCKLAND COUNTY TRUST COMPANY, Appellant.— Order in so far as appealed from, granting plaintiff's motion to strike out the affirmative defense contained in defendant's amended answer, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. On August 5, 1930, Michael J. Cary had $17,413.73 on deposit in defendant bank. On August 6, 7 and 8, 1930, the moneys on deposit were paid by defendant to plaintiff's testator, who at that time was incompetent, although not judicially so declared. Subsequently Faber L. Cary, deceased's son, obtained possession of the moneys, and Natalie F. Couch, as committee of Michael J. Cary, instituted an action against the son and others, which action resulted in a judgment in favor of the committee impressing a trust on the moneys and ordering the son to account and pay over the moneys to the committee. Execution was returned unsatisfied. Thereafter plaintiff, as executrix of the estate of Michael J. Cary, commenced this action against defendant bank to recover the moneys deposited by her testator. Plaintiff claims the moneys were paid at a time when defendant had notice of her testator's mental instability. At the time defendant paid the moneys to the incompetent the committee had two remedies, that is: either an action against defendant to recover the deposit, which it had negligently paid, or an action against deceased's son to recover the same moneys. By electing the latter remedy the former was lost and by so doing the committee adopted and ratified the action of defendant in paying the deposit. Therefore, the defense pleaded is good and it was error to strike it out. (*Fowler* v. *Bowery Savings Bank*, 113 N. Y. 450; *Riley* v.

*Albany Savings Bank*, 36 Hun, 513; affd., without opinion, 103 N. Y. 669; *Hansen* v. *Brooklyn Trust Co.*, 246 App. Div. 843.) Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.