29393. HARRIS *v.* JACKSONVILLE PAPER COMPANY.

DECIDED JULY 16, 1942. ADHERED TO ON REHEARING JULY 30, 1942.

*R. F. Scarborough, Thomas W. Johnson,* for plaintiff.
*Jones, Jones & Sparks,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.) The defendant admits the correctness of the claim in the present suit, but denies liability on the grounds above referred to. There is no dispute as respects the allegations of fact in the plea as amended, and in the evidence as appears from the agreed statement of facts, in so far as respects the substantial issues.

Sometime before the institution of this suit, the Jacksonville Paper Company, the transferee of the Macon Paper Company of the account against Harris, which was of the face value of $1108.08, credited on this account, without Harris's knowledge or consent, the $174.98 which the defendant owed Harris, and retransferred to its transferor, Macon Paper Company, this account as of the face value of $933.10—a sum less this credit—as an uncollectable asset. This retransfer the defendant had a right to make under its contract with the Macon Paper Company. It appears nowhere that Harris owed this account or any part thereof. Whether or not Harris owed this account, the crediting on it by the defendant of $174.98, without Harris's consent, was a purely voluntary payment by the defendant for Harris's benefit. When the defendant credited this amount on this account it paid a portion of the amount of this claim against Harris. The defendant therefore can not call on Harris for reimbursement to it of this amount, and can not set it off against Harris's claim in the present suit. There is therefore no merit in any set off against the present claim of Harris of $174.98 on the account which the defendant held as assignee against Harris. Moreover, counsel for the defendant concede that the defendant can not in this suit set off against Harris's claim against the defendant this credit on the account which the defendant had held against Harris.

If the defendant has any defense against this claim of Harris

such defense must be found in an estoppel, res judicata, or election of remedies, etc., asserted by the defendant as arising against Harris by virtue of the judgment against him in favor of the Macon Paper Company in the amount of the retransferred claim against Harris, reduced by the credit which had been made on it by the Jacksonville Paper Company of the $174.98.

After the defendant had transferred back to the Macon Paper Company the latter's claim against Harris in an amount less $174.98 which the defendant had credited to Harris on this claim, the Macon Paper Company brought suit against Harris on this claim in the reduced amount. It appears in a statement attached to the Macon Paper Company's suit that Harris was given credit for $174.98 which was the amount which the Jacksonville Paper Company had credited to him on the account when the Jacksonville Paper Company owned it, together with other credits of sums which had been paid on the account, leaving a balance due as sued for of $933.10. In this suit Harris pleaded that he was not indebted in any amount. The case went to trial on this issue, and a verdict was rendered for the Macon Paper Company for $933.10, which sum represented the balance due after these credits had been allowed.

It does not appear that Harris did anything in this suit except to rest purely on a denial of indebtedness, and the production of evidence sustaining his contention. Nothing that he did as respected this suit could in any way amount to an estoppel in pais, or otherwise, or election of remedies. It is essential to an estoppel in pais that the person sought to be estopped must, by his conduct, either active, or passive when he was called on to say or do something and omitted so to do, have misled the opposite party and induced him to act to his detriment. *Peacock* v. *Horne,* 159 *Ga.* 707 (126 S. E. 813). Harris, in his conduct as a defendant in the suit against him by the Macon Paper Company, certainly did nothing, either actively or passively, that misled to its detriment or disadvantage either this defendant or the plaintiff in that suit.

Is Harris barred in the present suit by having, in the former suit against him by Macon Paper Company, elected a remedy, or by having insisted on a right inconsistent with or commensurate with what he is attempting in the present suit? Such election would have to be predicated on some positive or affirmative act of Harris. Harris, by merely remaining passive in that suit, and defending it

merely on a general denial of the indebtedness represented by the account sued on, and in producing evidence to sustain this denial, certainly committed no passive or affirmative act admitting or asserting the correctness of the credit given him of the $174.98 which was allowed on the claim which was the basis of that suit. He did not, by his conduct in that case, admit that he was justly indebted to any one in this amount. In fact, Harris was not sued for this $174.98. His conduct therefore, in defending against the account, less this sum as a credit thereon, and his denying that he owed the account sued on, certainly can not be construed as an election to accept $174.98 as a credit on the ground that he was indebted therefor, notwithstanding he, at the time, knew that this credit was being given him. Therefore in that suit Harris made no election of a remedy, or an assertion of a right, that would operate to bar his right to recover in the present suit by him against Jacksonville Paper Company the $174.98 which he earned as commissions in the employ of that company. If any election was made by any one it was made by the Jacksonville Paper Company in crediting its account as transferee of the Macon Paper Company against Harris with an amount which it owed Harris. Such an election, of course, was not an election by Harris.

The Jacksonville Paper Company can not set up by way of res judicata, or estoppel of Harris by judgment, the judgment in the suit of the Macon Paper Company against Harris. Res judicata and estoppel by judgment can only be set up in a subsequent suit between the same parties or their privies. Code, § 3-601; *Farmer v. Baird,* 35 *Ga. App.* 208 (132 S. E. 260). The present suit is between Harris and the Jacksonville Paper Company. The former suit, whose judgment it is sought to set up as res judicata or an estoppel by judgment, was between the Macon Paper Company and Harris. The Macon Paper Company and the Jacksonville Paper Company were separate entities. One was an assignor and the other was an assignee. There was no privity between them. *Blackwood* v. *Yellow Cab Co.,* 61 *Ga. App.* 149 (6 S. E. 2d, 126). Ebert *v.* Long, 43 Minn. 235 (45 N. W. 226), and Farmers *v.* Andruss, 63 Okla. 310 (165 Pac. 172), relied on by the defendant in support of its contention of res judicata or estoppel, are cases in which the parties in the subsequent litigation were the same as those in the former litigation. The plaintiff in each of these suits had given a credit

to the defendant, and the court held, in a subsequent suit between the same parties, that the judgment in each of the former suits in which such credit had been allowed was res judicata. In Union Guardian Trust Co. v. First National Bank, 271 Mich. 323 (259 N. W. 912), which the defendant relies on to sustain its contention that Harris made an election of remedies, the facts are clearly distinguishable from those in the present case. In that case, which was a suit against a bank by an administrator to recover money of his intestate which the bank had paid to the daughter of the intestate on a forged withdrawal slip, it was held that, in a former suit by the administrator against the daughter to recover the money which had been so fraudulently withdrawn, the administrator had elected a remedy inconsistent with that in the present suit, and was therefore barred in the present suit. In the case now before this court it can not be said that an acceptance, if any, by Harris in a suit against him by the Macon Paper Company, of the credit of $174.98, which that company gave him on its account against him, amounted to an election of a remedy inconsistent with his remedy in the present suit against Jacksonville Paper Company to recover $174.98 which that company owed him for services rendered. There was certainly no election of remedies by Harris's conduct in the suit against him by the Macon Paper Company, in accepting the credit of $174.98 on that company's account against him, and the credit made on that same account by the Jacksonville Paper Company, while the Jacksonville Paper Company held this account as a transferee of the Macon Paper Company, when such credit was made without Harris's knowledge or consent, and Harris had never admitted liability therefor.

The court erred in overruling the motion to dismiss the answer as amended. The undisputed evidence was insufficient to authorize the verdict and judgment rendered for the defendant, but demanded a verdict and judgment for the plaintiff in the amount of $174.98 sued for.

The court erred in overruling the motion for new trial.

*Judgment reversed. Sutton, J., concurs.*

FELTON, J., dissenting. It appears from the record that Harris knew that the account on which he was sued by the Macon Paper Company contained the credit claimed by him against the Jacksonville Paper Company and that the credit was necessarily al-

lowed him in the action on the account. In these circumstances it seems to me that in equity and good conscience Harris is now estopped to deny that he has received the benefit of the credit, and is precluded from receiving the benefit of the sum a second time.