WEAVER *v.* DETROIT BANK.

ELECTION OF REMEDIES—STOLEN CASHIER'S CHECK—FORGED INDORSEMENT—JUDGMENT.

Plaintiff, payee in cashier's check that was stolen from him, indorsed by forgery of the thief against whom suit was brought and judgment obtained by plaintiff, elected an inconsistent remedy that barred recovery from issuing bank, notwithstanding plaintiff had given immediate notice to the bank and failed to collect full amount of judgment against the thief.

Appeal from Wayne; Brennan (Leo J.), J., presiding. Submitted October 13, 1950. (Docket No. 70, Calendar No. 44,838.) Decided May 14, 1951.

REFERENCES FOR POINTS IN HEADNOTES

7 Am Jur, Banks, §§ 589, 595, 596; 18 Am Jur, Election of Remedies, § 27.1.

Rights and obligations between depositor and bank which pays forged check, as affected by provisions of Negotiable Instruments Act. 146 ALR 840.

Doctrine of election of remedies as applicable where remedies are pursued against different persons. 116 ALR 601.

Depositor's right against bank charging forged checks to his account as affected by his seeking restitution from the forger or third person. 118 ALR 570.

Action by George F. Weaver against the Detroit Bank to recover amount paid on forged check. Judgment for plaintiff. Defendant appeals. Reversed.

*Ralph K. Panzer,* for plaintiff.

*Henry F. Massnick,* for defendant.

NORTH, J.   Plaintiff on October 2, 1947, possessed a cashier's check issued to him by defendant bank through its branch bank, in the amount of $3,000. On the noted date one Coakley surreptitiously obtained possession of the cashier's check and by forgery the $3,000 was obtained on or about October 6, 1947. Through clearing house operations, defendant bank paid the check, which had never been indorsed by plaintiff or by any other person with plaintiff's consent. On the morning of October 3, 1947, plaintiff by telephone advised the branch bank that the cashier's check had been lost or stolen and was told by the bank that "the check would be protected." On the following day at the opening of the bank plaintiff, in person, talked with Mr. Gray, the manager of the branch bank, and was told by Mr. Gray "that the check was already stopped, and I (plaintiff) was protected." On Monday, the 6th day of October, 1947, plaintiff retained a lawyer, and on the next day filed suit in assumpsit against Coakley for having wrongfully appropriated the cashier's check and its proceeds. Coakley appeared in the case and judgment was entered against him for $3,000 damages and costs of $40. At the inception of his suit against Coakley plaintiff garnisheed Coakley's bank account. By the garnishment proceedings $1,359 was obtained by plaintiff. The affidavit filed October 7, 1947, in support of plaintiff's garnishment proceedings, stated:

"Charles Coakley, 1104 E. Grand Blvd., is justly indebted to the said plaintiff, upon such contract, in the sum of Three Thousand & No/100 Dollars, over and above all legal set-offs, which said sum is now due and unpaid."

Ten or 11 days after Coakley had been sued by plaintiff, plaintiff again went to the bank and asked Mr. Gray, the branch manager, "if I could get my money." Mr. Gray replied: "No, he would have to hold it for 30 days. * * * He just said he had to wait until he would see * * * if the check would show up." So far as disclosed by the record no information was given to the bank at that time in regard to plaintiff having sued Coakley. Some time after the Coakley suit had been started, the exact time is not disclosed but evidently after the garnishment disclosure on November 6, 1947, and possibly after judgment was taken against Coakley on November 10, 1947, plaintiff's attorney had a talk with the auditor of defendant bank, and told him of the Coakley suit and the garnishment proceedings. In reply the auditor said "that it was fine, and that he would co-operate."

After plaintiff secured judgment against Coakley, and on November 24, 1947, the defendant bank herein, through its auditor, wrote to plaintiff's attorney and advised him that defendant denied "liability in connection with the said check. We realize this leaves you no alternative except to institute legal proceedings." Other than above stated nothing in the nature of a demand of payment by the bank was made by or in behalf of plaintiff. The instant suit in assumpsit was heard by the court and plaintiff had judgment for $1,641. Defendant has appealed.

Among other questions presented by appellant's brief are the following:

"1. Where a cashier's check is stolen and the thief forges the indorsement of the payee thereon, and the issuing bank pays the same, may the true owner of the check sue the forger on the theory that the forger has his money for which he has not accounted and prosecute his suit to judgment, and subsequently sue the issuing bank on the theory that the bank has his money?

"2. Where the owner of a cashier's check alleges that it was cashed by a bank on a forged indorsement, is such owner required to elect which, the bank or the forger, he will look to for reimbursement?"

In 2 comparatively recent decisions of this Court we have passed squarely upon the issues presented by the above questions, and in each of them we held contrary to the holding of the trial court in the instant case. In each of those former decisions we held, under facts which in their legal aspects were the same as the facts in the instant case, that the plaintiffs therein had made an election between 2 inconsistent remedies; that they were bound thereby, and therefore could not recover against the respective defendant banks. We have reference to *Union Guardian Trust Co.* v. *First National Bank-Detroit* (1935), 271 Mich 323, and *Ielmini* v. *Bessemer National Bank* (1941), 298 Mich 59. The reasons for our decisions in these former cases are so fully stated therein and our references to supporting authorities so numerous and convincing that we deem it idle here to repeat the same. In view of the settled law in this jurisdiction, the judgment entered in the circuit court in the instant case must be reversed.

Appellee relies at least in part upon, and the circuit judge was "of the opinion that the present action is governed by * * * *Furlong* v. *Manufacturers National Bank of Detroit*, 285 Mich 517 (118 ALR 567)." And it may be thought that *Houseman-Spitzley Corp.* v. *American State Bank*, 205 Mich 268, is

pertinent to decision herein. But neither of the cases just noted is at all in point, because neither in any way involved the law as to election of remedies. In fact in neither case did the plaintiff institute legal proceedings against the alleged wrongdoer, and in consequence there was no possibility of urging as a defense the matter of election of remedies. Other grounds for distinguishing the above noted cases were stated by Mr. Justice SHARPE in *Ielmini* v. *Bessemer National Bank, supra.* And it may well be noted in the instant case that if, after plaintiff had taken judgment against Coakley for $3,000, the bank, defendant herein, had concluded to bring a tort action against Coakley it would have encountered the defense that plaintiff herein had already taken a judgment against Coakley for the full amount of $3,000.

We are mindful of appellee's contention that under the facts in the instant case plaintiff, instead of having made an election of remedies, made an "election of debtors;" and that there are some authorities to that effect in other jurisdictions. *August* v. *Fourth National Bank of New York* (1888), 1 NYS 139, is cited by appellee.[*] Such ruling seems to be only an evasion of the law of election of remedies, and cannot be reconciled with our holdings in *Union Guardian Trust Co.* v. *First National Bank-Detroit, supra,* and *Ielmini* v. *Bessemer National Bank, supra.* The same may be said of appellee's reliance upon "the doctrine of concurrent or cumulative remedies," which appellee urges existed in his behalf. But in his quotation from 18 Am Jur, Election of Remedies, § 13, p 136, it is said: "It is well settled that the rule of conclusive election of remedies does not apply where the available remedies are cumula-

---

[*] In a much later case the New York court rendered a decision which is in accord with our holding herein. See *Hansen* v. *Brooklyn Trust Co.* (1936), 246 App Div 843 (285 NYS 2).

tive *and consistent."* The 2 remedies to which plaintiff herein seeks resort, the first of which has been fully consummated, are not consistent.

The judgment entered in the circuit court is reversed, with costs of both courts to appellant.

REID, C. J., and BOYLES, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.