## ALMAND *v.* ALMAND & GEORGE.

An action having been brought in a justice's court upon a promissory note for ninety dollars principal debt, with interest "and ten per cent. attorney's fees on principal and interest in case of collection by suit or through an attorney," and it appearing that, at the time of the institution of the action, the principal debt with attorney's fees amounted to more than one hundred dollars, the case was not within the jurisdiction of the justice's court, and the judgment rendered thereon in favor of the plaintiff was void. The cases of *Beach* v. *Atkinson*, 87 *Ga.* 288, *Searcy* v. *Tillman*, 75 *Ga.* 504, and the cases cited in both of those cases upon this point, reviewed and affirmed.

December 21, 1894.

Levy and claim. Before Judge CLARK. Rockdale superior court. April term, 1894.

Execution issuing from a magistrate's court in favor of Almand & George against Born, there being no personal property of defendant to be found, was levied on

certain land as the property of Born, to which John H. Almand filed a claim. The cause was submitted on an agreed statement of facts to the judge, who held the property subject, and claimant excepted. Plaintiffs held six notes for $90 each, made by Born, June 27, 1889, due October 1, 1889, with interest at eight per cent. per. annum after maturity, and ten per cent. attorney's fees on principal and interest in case of collection by suit or through an attorney. They brought suits on these notes in a justice's court of Rockdale county, and obtained judgments in each suit on June 6, 1891, for $90 principal, $12.12 interest, $10.21 attorney's fees, and $1.05 cost, upon which judgments executions were issued, which were entered on the general execution docket. The execution in question in this case was one of these. The claim rests on a deed from Born, dated February 18, 1892, upon a valuable consideration. Claimant had notice of the judgments before he bought the land. The principal and attorney's fee at the date of bringing the suit amounted to $100.11.

G. W. GLEATON, J. R. IRWIN and A. C. McCALLA, for plaintiff in error.    J. N. GLENN, contra.

ATKINSON, Justice.

The facts upon which the judgment excepted to was rendered are sufficiently stated in the official report.

The controlling question, the only one necessary to determine, is, whether the judgment rendered in the justice's court and upon which the execution in this case issued, is void for want of jurisdiction in that court. The plaintiff brought his suit upon a promissory note for a stated principal debt of ninety dollars, bearing interest, with the stipulation to pay ten per cent. upon *principal and interest* in case it became necessary to collect the debt by suit. At the date of the institution of the suit the accumulated interest upon the principal debt was

eleven dollars and ten cents.   This added to the princi-
pal debt amounted to one hundred and one dollars and
ten cents.   Ten per cent. for attorney's fees estimated
on this gross sum, made the aggregate principal and
attorney's fees one hundred dollars and eleven cents.
By the constitution of this State, the jurisdiction of the
justices' courts is limited to cases in which the principal
sum does not exceed one hundred dollars.   Treating the
attorney's fees as a part of the principal debt, it exceeded
the jurisdiction of the justice's court by eleven cents,
and the judgment of the court would be void for want
of jurisdiction of the subject-matter.   That the attor-
ney's fees constitute a part of the principal debt, is de-
cided by a long and uniform current of decisions in this
State, commencing with the case of *Baxter* v. *Bates*, re-
ported in 69 *Ga.*, page 587, and continuing through suc-
cessive volumes of our Reports to the case of *Beach* v.
*Atkinson*, reported in 87 *Ga.*, page 288.   Counsel for
defendants in error, conceiving that these decisions were
founded in a misapprehension on the part of this court
of the true law controlling the question therein adjudi-
cated, asked leave to review them.   This request was
granted, and, upon consideration thereof, we are well
satisfied with the correctness of the principle there de-
clared.   The attorney's fees are not in any sense inter-
est, nor are they an accretion upon the principal.   The
stipulation for their payment is a covenant independent
of principal or interest, and the mention of them is only
incidental as a means of computing and estimating a
sum which the defendant undertakes to pay in the event
the plaintiff is forced to bring suit.   The joinder of this
demand with what is stated as technical principal, makes
the principal debt for the recovery of which this action
is brought, exclusive of interest, exceed the sum of one
hundred dollars.   And this it is that renders the judg-
ment void.

Aside from these considerations, there is another cogent reason why the principle of these decisions should not be disturbed. It became many years ago engrafted upon and is now deeply imbedded in the jurisprudence of this State. The courts have uniformly administered the law with reference to it. Important property rights have grown up under it; and to justify the court now to set aside such a uniform current of decisions, it should be satisfied by the most convincing logic that the principle is itself unsound, and as well vicious in its effect. The doctrine of *stare decisis* is a conservative one. Its application is essential to the permanence of a well ordered system of jurisprudence. It gives the public confidence in the stability of the law, and, even in doubtful cases, it is of infinitely greater importance to public as well as private interests that the law should be definitely settled, affording a fixed rule of conduct, than that it be settled in a particular way. We do not mean to say that every decision, however erroneous, should be permitted to stand, nor ought reverence for a mere precedent control the judgment of a court of last resort. Yet, where a precedent is well reasoned and supported by a logically correct application of true legal principles, it becomes authority, and, clothed in its new dignity, it is, and should be, respected as law.

These considerations lead us to the conclusion, that the principle declared in the decisions of this court which have been called in question is correct, that they should not be disturbed. They therefore stand affirmed, and the judgment of the lower court, being in conflict therewith, is set aside.　　*Judgment reversed*