## 27553.  BLAKEWOOD *v.* YELLOW CAB COMPANY OF SAVANNAH *et al.*

DECIDED NOVEMBER 28, 1939.

*Ulmer & Dowell,* for plaintiff.

*Connerat & Hunter,* for defendants.

MacINTYRE, J.  Carrie Blakewood, wife of James Blakewood, filed suit in the city court of Savannah against Yellow Cab Company of Savannah for personal injuries received while a passenger in a taxicab operated by the defendant company.  In this suit Carrie Blakewood alleged:  "That your petitioner is a married woman, but is dependent upon herself for support, responsible for her own bills, including the medical expenses of treatment resulting from the accident herein set out and is entitled to her own earnings."  She further claimed she was entitled to recover for her loss of earnings, medical expenses, and for the cost of an operation

alleged to have been necessary to restore her to good health. On the trial of her case she testified that she was married, but offered no evidence to show her right to sue and recover for her loss of earnings and/or medical expenses, etc. The court instructed the jury, in accordance with a motion of the defendant, that the plaintiff being a married woman and not having shown her right to recover the items of doctors' bills, loss of earnings, and cost of an operation, these items were not to be considered by the jury. The jury returned a verdict in favor of the defendant.

Thereafter, James Blakewood, the present plaintiff, brought his suit against Yellow Cab Company of Savannah and its insurance carrier, Globe Indemnity Company, seeking to recover for the earnings alleged to have been lost by his wife, the medical expenses incurred for her, and the cost of an operation alleged to have been rendered necessary by the injuries his wife had received while a passenger in a taxicab operated by Yellow Cab Company of Savannah. To this action the defendants filed their answers, general and special demurrers, and a plea of res judicata, contending (1) that Carrie Blakewood, having alleged in her petition that she was an emancipated woman, the verdict of the jury in her case determined that there could be no recovery for her loss of earnings, medical expenses, etc., and (2) that the verdict in favor of the defendant in Carrie Blakewood's suit adjudicated the question of liability in that suit and in the suit of her husband, James Blakewood. The judge sustained the plea of res judicata and the plaintiff excepted.

Code, § 110-501, provides: "A judgment of a court of competent jurisdiction shall be conclusive betweeen the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." The parties to the present action are unquestionably not the same parties who were before the court in Carrie Blakewood's case, and if the husband was not a privy within the meaning of the words used in the Code section quoted above, the court erred in sustaining the plea of res judicata. As distinguished from a *party,* a *privy,* according to Stroud's Judicial Dictionary, "signifies him that is partaker, or hath an interest, in any action or thing." According to Black's Law Dictionary, 3d ed., 1423, *privy* is the "Mutual or successive relationship to the same rights of property. . . Thus,

the executor is in privity with the testator, the heir with the ancestor, the assignee with the assignor, the donee with the donor, the lessee with the lessor." According to the same dictionary, 1420, privies in law are such as "the lord by escheat, a tenant by the curtesy, or in dower, the incumbent of a benefice, a husband suing or defending in right of his wife, etc." Where "the widow's cause of action does not accrue until the death of the husband, . . ." and she sues for the "legal wrong, a wrong which the law recognizes as a breach of the duty the road owed her husband; she *stands in his shoes,* has his rights, and takes his responsibilities. . . 'She stands in no better condition than the deceased would have stood in, had he not been killed, and was present before the court.'" *Southern Bell Tel. and Tel. Co.* v. *Cassin,* 111 *Ga.* 575, 588, 589 (36 S. E. 881). Thus in the *Cassin* case, supra, cited by the defendant in error, the wife was a privy, she having the "successive relationship to the same rights of property" which the deceased husband had during his life, because there the husband had died from the injury and the wife thereupon succeeded to his right of recovery and was claiming under his right. But in the instant case the wife is living, as is the husband; there has been no transmission of any of her rights to the husband, and, in so far as her former suit was concerned, the record does not disclose that the husband claimed any interest or right in her claim for damages. His status at the time of the former suit was merely that of a husband, and so far as his interest in the suit of his wife was concerned his legal status was that of an outsider with no opportunity to make a defense, to offer evidence, to cross-examine witnesses, or to appeal if he was dissatisfied with the judgment. *Elwell* v. *New England Mortgage Security Co.,* 101 *Ga.* 496, 499 (28 S. E. 833); *Tarver* v. *Jones,* 34 *Ga. App.* 716 (131 S. E. 102); Lipscomb *v.* Postell, supra. The husband in the present suit was neither a party nor a privy in the former suit of his wife within the meaning of Code, § 110-501. The judge erred in sustaining the plea of res judicata.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*