32236. MONTGOMERY, administratrix, *v.* SOUTHERN RAILWAY COMPANY.

32246. SOUTHERN RAILWAY COMPANY *v.* MONT-GOMERY, administratrix.

DECIDED DECEMBER 3, 1948. REHEARING DENIED DECEMBER 15, 1948.

*Lanham, Parker & Clary, Maddox & Maddox,* for plaintiff.

*J. G. B. Erwin, R. Carter Pittman,* for defendant.

SUTTON, C. J.   Ella Montgomery, administratrix of the estate of Mack Montgomery, sued the Southern Railway Company in Gordon Superior Court, for damages for herself as an individual, under the provisions of Code § 105-1309, on account of the death of Mack Montgomery, upon whom she alleged she was dependent and who contributed to her support, and who was killed when a train operated by the defendant struck the truck which he was driving.

Paragraph 17 of the petition is as follows: "Petitioner shows that said defendant, its agents and employees, were guilty of negligence per se in that:   (a) That while approaching said crossing and within the corporate limits of Plainville, the bell on said locomotive was not constantly tolled and was not ringing while approaching said crossing and while actually traversing the same. (b) That the defendant's engineer operating the engine and pulling said train did not exercise due caution in so controlling the movements of said train so as to avoid doing injury to persons who were on said crossing.   (c) That defendant's engineer and agent did not reduce the speed of said locomotive and train while approaching said crossing so that the same might be stopped before reaching said crossing or striking a person thereon." The defendant demurred specially to various parts of the petition, including paragraph 17, the demurrer to this paragraph being: "(5) Defendant demurs specially to paragraph 17 of the petition and each and every subparagraph thereof because the allegations thereof are irrelevant and immaterial to any cause sought to be alleged in the petition, it not appearing from said allegations or any other allegations of the petition that the alleged acts of the defendant had any proximate relationship to the death of the deceased." Certain amendments were made to the petition before these demurrers were urged, and the defendant, conceding that the amendments had the effect of revitalizing the allegations of acts of negligence in the petition, further demurred to the petition as amended, as follows:   "We demur to the allegations ap-

pearing in paragraph 17 (b) and (c) of the petition because there are no statutes imposing upon an engineer the duties set forth therein." On the original demurrers the court ruled: "After amendment by plaintiff this day and after defendant reurged the within demurrer, it is considered, ordered and adjudged that grounds 1, 2, 3 (a), 4, 5, and 6 are overruled. Ground 3 (b) is sustained." The demurrer to subparagraphs 17 (b) and (c) was overruled. Exceptions pendente lite to the rulings on the demurrers were duly filed by the defendant, and error is assigned on these rulings in a cross-bill of exceptions now before this court. However, all assignments of error have been abandoned except those relating to paragraphs 17 and 17 (b) and (c) of the petition.

The case proceeded to trial before a jury, and Ella Montgomery testified to the effect: She was the administratrix of the estate of Mack Montgomery, her brother, who had no widow or child surviving, and whose parents predeceased him. At the time of his death in 1945 she was living in the house with him in Rome, Georgia. This house belonged to the estate of their father and mother. Two unmarried sisters taught school in Calhoun, Georgia, and came home on week ends, and another unmarried sister lived in Ohio. She and her brother were the only people who regularly occupied the home. At the time her brother was killed and for some time prior thereto, in fact since 1930, she has done no work of any kind except look after the house for her brother, and had no means of support, except what he had given her. He gave her from $13 to $15 each week, depending on what he made, and this arrangement had been in effect since the death of their mother in 1930, at which time she was the only one of his sisters who was living at home, and her brother asked her to stay at home and keep house for him and give up her work as a nurse, and it appears that she agreed to this arrangement. Her brother bought all the groceries and paid all the household expenses, and the amount he gave her each week of $13 to $15 was free and clear above these expenses. She had been a trained nurse since 1917, and prior to the death of her mother had engaged in this work. On her last case she received $35 per week. At the time of her brother's death she was physically and otherwise able

to engage in this work, and during the war and prior to her brother's death she had refused to accept employment of this kind. She could have earned as much as her brother gave her each week, as a domestic servant, and her services were worth more than her brother gave her. The only reason she was not employed in a gainful occupation at the time of her brother's death was because of maintaining a home for him in accordance with the arrangement she and her brother had made after their mother's death.

After the introduction of other evidence tending to sustain the other features of the plaintiff's case, the defendant moved for a nonsuit. The trial judge ruled that "a motion having been made for a nonsuit for failure of the plaintiff to show contributions and dependency as required by law, the same is granted and the case dismissed." The plaintiff excepted to that judgment.

■ The defendant, in support of its exceptions to the rulings on the special demurrers, in the cross-bill contends that the allegations of negligence in paragraph 17 of the petition do not constitute negligence per se, but might constitute negligence as a matter of fact, if the jury should so find, and contends further that it is nowhere alleged that the negligence referred to in paragraph 17 had any proximate relationship to the death of Mack Montgomery. It is contended that subparagraphs 17 (b) and (c) do not constitute negligence per se. Code § 94-507 provides: "Within the corporate limits of cities, towns and villages the said railroad company shall not be required either to erect the blowpost hereinbefore provided for or to blow the whistle of its locomotive in approaching the crossing or public roads in said corporate limits, but in lieu thereof the engineer of each locomotive shall be required to signal the approach of his train to such crossing in said corporate limits by constantly tolling the bell of said locomotive, and on failure to do so the penalties of § 94-9903 shall apply to such offense: Provided further, that nothing in this section contained shall be held to relieve the said engineer or the said railroad company of his or its duty of keeping and maintaining a constant and vigilant lookout along the track ahead of its engine while moving within the corporate limits of said city, town or village, or to excuse such railroad

company or such engineer from exercising due care in so controlling the movements of such trains as to avoid doing injury to persons or property which may be on such crossing within said city or within 50 feet of said crossing on the line of such railway, or for failure to observe any ordinance of such city, town, or village, which may lawfully be passed, regulating the speed at which railroad trains may be run therein." The latter part of the above Code section ("provided further," etc.) points out that the duty placed upon the engineer by the first part of the Code section does not relieve the engineer or railroad company from certain other duties therein specified. The allegations of the petition as contained in subparagraphs 17 (b) and (c) do not constitute negligence per se, but may constitute negligence as a matter of fact, if the jury so determines. See *Atlantic Coast Line R. Co.* v. *Bradshaw,* 34 *Ga. App.* 360 (129 S. E. 304); *Georgia Northern Ry. Co.* v. *Rollins,* 62 *Ga. App.* 138 (1) (8 S. E. 2d, 114). Without stating the allegations of the amended petition in detail, these allegations plainly indicate that Mack Montgomery was killed by one of the defendant's trains while driving a truck and crossing the defendants' tracks at a regular crossing in Plainville in a thickly settled industrial and residential section, and that there was no watchman or automatic-signaling device at the crossing. Under such circumstances, whether or not the allegations of negligence in parargaph 17 of the petition had any causal connection with the death of Mack Montgomery should be determined by a jury. Except in plain and undisputable cases, this court can not say as a matter of law that certain alleged acts of negligence were not the proximate cause of an injury or death. *Pollard* v. *Hagan,* 60 *Ga. App.* 581, 582 (4 S. E. 2d, 477); *Dodson* v. *Southern Ry. Co.,* 55 Ga. App. 413, 419 (8) (190 S. E. 392). The trial court erred in overruling the demurrer to subparagraphs 17 (b) and (c) of the petition only insofar as this ruling had the effect of holding that these allegations, relating to the failure of the engineer to exercise due caution in controlling the movements of the train and in checking the speed of the train while approaching the crossing, constituted negligence per se instead of negligence as a matter of fact.

■ Code § 105-1309 is as follows: "In cases where there is no person entitled to sue under the foregoing provisions of this Chapter, the administrator or executor of the decedent may sue for and recover and hold the amount recovered for the benefit of the next of kin, if dependent upon the decedent, or to whose support the decedent contributed. In any such case the amount of the recovery shall be determined by the extent of the dependency or the pecuniary loss sustained by the next of kin." Both dependency and contribution must exist at the time of the death of the deceased in order to authorize a recovery under this Code section. *Wilson* v. *Pollard,* 190 *Ga.* 74, 78 (3, 4) (8 S. E. 2d, 380); s. c. 62 *Ga. App.* 781 (10 S. E. 2d, 407); *Rogers* v. *Hime,* 76 *Ga. App.* 523 (1, 2) (46 S. E. 2d, 367). As heretofore indicated, the judgment of nonsuit was based on the failure of the plaintiff to prove dependency and contribution, and this is the sole question presented by the plaintiff's exceptions to the judgment. The evidence must be taken most strongly in favor of the plaintiff in passing on a nonsuit; and if there is any evidence tending to sustain the plaintiff's action, or where the jury can fairly infer from the evidence a statement of facts favorable to the plaintiff, a nonsuit should not be granted. *Yeager* v. *Weeks,* 74 *Ga. App.* 84, 85 (39 S. E. 2d, 84). Also see Code, § 110-310. From the testimony of Ella Montgomery a jury would have been authorized to find that Mack Montgomery, the deceased, at the time of his death was contributing to the support of Ella Montgomery, his sister, and in fact was furnishing her with her entire support, and that she was dependent upon him for her support, consisting of cash contributions of $13 to $15 per week, as well as her board; and that she, in return, acted as his housekeeper and cook, and that this arrangement had been in effect for 15 years. The fact that she could have earned her livelihood otherwise by securing work as a nurse or a domestic servant, but in point of fact was not so employed and had not been for many years prior to her brother's death, would not prevent her from recovering in this case. The dependency contemplated by the statute is a dependency in fact, actually in existence at the time of the death of the person making the contribution. See *Wilson* v. *Pollard,* supra. The case of *Georgia*

*Railroad & Bkg. Co. v. Spinks,* 111 *Ga.* 571 (36 S. E. 855), cited and relied upon by the defendant in error, is distinguishable on its facts from the case at bar. In that case, where the father was actually earning more than $100 per month, which was more than sufficient for his individual support, it was held that he was not entitled to recover the value of the life of a minor son, whose mother was dead, because of the insufficiency of the father's wages to support himself and also his family, consisting of a second wife and minor children, although he had received contributions from the minor son while living. None of the cases cited by the defendant in error authorizes or requires a different ruling in the case at bar from the one here made. Under the evidence in this case and the law applicable thereto, contribution and dependency were questions of fact for a jury to pass upon, and it was error for the trial judge to grant a nonsuit.

*Judgment reversed on the main bill of exceptions; judgment reversed in part on the cross-bill as specified in division 1 of the opinion. Felton and Parker, JJ., concur.*