34326.   OWENS *v.* WILLIAMS.

DECIDED NOVEMBER 19, 1952.

*Harry P. Anestos,* for plaintiff in error.

*Sullivan & Maner,* contra.

GARDNER, P.J. The plaintiff brings this suit to recover damages of the defendant by reason of personal injuries sustained while riding in the truck of the defendant as his guest as a result of the alleged gross negligence of the defendant in the operation of his truck, and also to recover for loss of his wife's services and for medical expenses for himself and his wife.

"In order for an invited guest in an automobile to recover of the owner and driver of the car for an injury occasioned by the negligence of the driver, it must be pleaded that such negligence was gross negligence." *Epps* v. *Parrish*, 26 *Ga. App.* 399 (106 S. E. 297). The court said: "In order for the invited guest to recover from the owner and operator of an automobile for an injury received by reason of the negligent driving or handling of the machine, there must be facts pleaded that show gross neglect upon the part of the owner and driver of the machine." See *Self* v. *Dunn*, 42 *Ga.* 528, dealing with the liability of a gratuitous ferryman. In *Frye* v. *Pyron*, 51 *Ga. App* 613 (181 S. E. 142)—where this court said, "One riding by invitation and gratuitously in another's automobile cannot recover for injuries caused by the other's negligence in driving, unless it amounted to gross negligence"—the petition was held to allege gross negligence where it appeared that the defendant drove his car at an excessive rate of speed and, upon being admonished and asked to decrease his speed, increased it, and otherwise operated his car in disregard of the rights of others and in a wanton manner and in disregard of the plaintiff's safety. See *Slaton* v. *Hall*, 172 *Ga.* 675 (158 S. E. 747), where it was alleged that the defendant approached a bridge at night at sixty miles an hour and after he had been warned to drive cautiously; and it was held that the petition was not demurrable in failing to allege facts from which the jury could find gross negligence. Here the petition alleged that the defendant approached this intersection, where the street on which he was driving came to an end, and was bounded by railroad property, at an excessive, reckless, and unlawful speed of 50 miles an hour, and did not turn to the left into the street, but ran off onto the railroad property and collided with a pile of crossties, after being admonished to slow down and reduce his speed, but drove at such speed without regard to the condition of the street and the safety of the plaintiff and his wife, and failed to keep a lookout ahead. In these circumstances, the petition did not as a matter of law fail to allege facts from which the jury could find gross negligence.

■ However, it is insisted that the petition was subject to dismissal on general demurrer because it had been adjudicated that the defendant was not liable by reason of the operation

of the truck on said occasion. This is so, the defendant contends, because the wife filed suit against the defendant in said court, in which she sought damages for personal injuries resulting to her by reason of the defendant's gross negligence in the operation of his truck on the occasion in question, to which petition the defendant had demurred generally, which demurrer was over-ruled, and this court on March 7, 1952, reversed that ruling, holding that the petition in that case "showed that the plaintiff did not exercise ordinary care for her own safety." *Williams v. Owens*, 85 *Ga. App.* 549 (69 S. E. 2d, 787). The plaintiff in the present case was not a party to the wife's petition. In her petition it was alleged that the defendant stopped his truck at the Papermakers Club, where the defendant partook of intoxicating liquors. No such allegation appears in the present petition. This court held in the wife's case that it appeared from the petition that the defendant was under the influence of intoxicating liquor when she got back into the truck at this club and he drove off therefrom. The decision in the wife's case was based upon the allegations made in her petition. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501. "If upon demurrer the court shall decide upon the merits of the cause, the judgment may be pleaded in bar of another suit for the same cause." § 110-504. "A former recovery, or the pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction, shall be a good cause of abatement; but if the first action is so defective that no recovery can possibly be had, the pendency of a former suit shall not abate the action." Code, § 3-607. This law applies to torts. § 105-1805.

A judgment sustaining a general demurrer to a petition brought to recover damages caused by the alleged negligence of the defendant will bar a second suit by the same plaintiff against the same defendant for the same alleged cause of action, though the grounds of negligence upon which the second petition is based may be different from those embraced in the first. *Greene*

v. *Central of Georgia Ry. Co.,* 112 *Ga.* 859 (38 S. E. 360). Also, if a petition is dismissed on general demurrer which extends to the merits of the case by charging that the petition fails to allege a cause of action, the judgment of dismissal, unexcepted to, will be conclusive between the parties in a subsequent suit based on the same cause of action. *Dodson* v. *Southern Ry. Co.,* 137 *Ga.* 583 (73 S. E. 834); *Fain* v. *Hughes,* 108 *Ga.* 537 (33 S. E. 1012); *McDonald* v. *Georgia Southern & F. Ry. Co.,* 138 *Ga.* 15 (74 S. E. 691). A judgment overruling a general demurrer to the petition, reversed on appeal to this court, is an adjudication that the petition was subject to such general demurrer, and can be pleaded in bar to a subsequent petition by the same plaintiff against the same defendant based on such cause of action.

So, "if a court of competent jurisdiction, in dismissing a suit on demurrer, necessarily decides upon the merits of the case, the decision, as between the same parties and upon the same subject matter, may be pleaded in bar of another suit." *Hill* v. *Armour Fertilizer Works,* 21 *Ga. App.* 45 (93 S. E. 511). However, "a judgment can not be the basis of a plea of res adjudicata in an action in which the parties are not the same as in the case in which the judgment was rendered, although the cause of action be the same in both cases." *Floyd & Lee* v. *Boyd,* 16 *Ga. App.* 43 (3) (84 S. E. 494). To the same effect see *Buie* v. *Buie,* 175 *Ga.* 27 (3) (165 S. E. 15); *Winkles* v. *Simpson Grocery Co.,* 138 *Ga.* 482 (2b) (75 S. E. 640). The husband in the present suit was neither a party nor a privy in the former suit of his wife for damages on account of personal injuries sustained by the alleged negligence of the defendant, within the meaning of Code § 110-501. *Blakewood* v. *Yellow Cab Co. of Savannah,* 61 *Ga. App.* 149 (4) (6 S. E. 2d, 126). See *McVeigh* v. *Harrison,* 68 *Ga. App.* 316, 320 (4) (22 S. E. 2d, 752). "Former judgment was not binding on persons who were not parties to previous suit." *Stanley* v. *Laurens County Board of Education,* 188 *Ga.* 581 (2) (4 S. E. 2d, 164). "Res judicata and estoppel by judgment can only be set up in a subsequent suit between the same parties or their privies." *Harris* v. *Jacksonville Paper Co.,* 67 *Ga. App.* 759, 765 (21 S. E. 2d, 537). Furthermore, the defendant seeks in the present case to raise the question of a former adjudication

concluding the present plaintiff by demurrer to the petition. The fact that there was a former suit by the wife against this defendant for personal injuries growing out of his alleged negligence in the operation of his truck, in which a general demurrer was overruled and that judgment reversed by this court, does not appear from this plaintiff's petition, but appears from the general demurrer of the defendant thereto. It is elementary that, where the fact of the former suit and judgment therein do not appear on the face of the petition, a plea of res adjudicata properly pleading the former adjudication is the remedy, and not a demurrer to the petition. "A former adjudication of the same cause of action, not appearing from the petition, is not ground for demurrer, but for plea." *Reid* v. *Caldwell,* 120 *Ga.* 718 (5) (48 S. E. 191). See *Sumner* v. *Sumner,* 121 *Ga.* 1 (6), 10 (48 S. E. 727), and cit.; *Rozetta* v. *Rozetta,* 181 *Ga.* 494 (3) (182 S. E. 847). The demurrer raising the question of the suit by the wife against the defendant and the demurrer therein was speaking. "There is no merit in speaking demurrers which are based upon facts not alleged in the pleading demurred to, and which seek to raise matters which should be pleaded and proved as defenses to the action." *Reid* v. *Caldwell,* supra. "A demurrer based upon facts not alleged in the pleading which it attacks is a speaking demurrer. Such a demurrer presents no question for decision and should never be sustained." *Miller* v. *Strauss,* 38 *Ga. App.* 781, 782 (145 S. E. 501), and cit.

The petition was not subject to the grounds of demurrer urged thereto, and the court erred in rendering the judgment excepted to.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*