### 39139. RUSS TRANSPORT, INC. v. JONES.
### 39140. REAGAN v. JONES.

DECIDED OCTOBER 11, 1961.

*Murphy & Murphy, Thomas B. Murphy, Richard C. Freeman,* for plaintiffs in error.

*E. B. Jones, Jr., Howe & Murphy, Harold L. Murphy,* contra.

EBERHARDT, Judge. *Code* § 3-607 provides that: "A former recovery, or the pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction, shall be a good cause of abatement . . . ." *Code* § 110-501 provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein

the judgment was rendered, until such judgment shall be reversed or set aside." That these sections of the Code are applicable in tort cases, such as we here deal with, is made clear by Code § 105-1805: "Former recovery and the pendency of another suit are also good defenses and subject to the same rules as when applied to contracts."

An examination of the allegations in the petition here and those in the cross-bill of Mrs. Irma Lee Jones in the Federal court case leaves no doubt that they are predicated upon the same identical collision in which Mrs. Jones is alleged to have received injuries and that the recovery sought in each instance was for the same acts of alleged negligence against the defendant, V. L. Reagan, who was the servant and operator of the vehicle of defendant Russ Transport, Inc. A final judgment has been rendered in the cross-bill which absolves both Russ Transport, Inc. and V. L. Reagan of all liability to Mrs. Irma Lee Jones.

It is conceded by the defendants that the parties here are not identical with those in the Federal court case, for in that case plaintiff's wife was a party but he was not, while here he is a party and his wife is not. Thus, the only question is whether the husband here is a privy of his wife, within the meaning of Code § 110-501. If so, the plea is good, but if not it is bad, for there is no bar unless the former action was between the same parties or their privies.

Whatever may be the rule in other jurisdictions, it is settled here that where both the husband and wife are still in life that relationship alone does not make them privies within the meaning of this Code section. *Blakewood v. Yellow Cab Co. of Savannah*, 61 Ga. App. 149 (6 SE2d 126). There is no allegation in the petition here that plaintiff's wife is dead. On the contrary it is affirmatively alleged that "she is unable to sleep well," that she "will continue to suffer" and that she "is unable to perform her duties as a wife." See also *Commercial Credit Corp. v. C. & S. Nat. Bank*, 68 Ga. App. 393, 394 (23 SE2d 198); *Harris v. Jacksonville Paper Co.*, 67 Ga. App. 759, 765 (21 SE2d 537); *Stanley v. Laurens County Bd. of Ed.*, 188 Ga. 581 (2) (4 SE2d 164).

*Judgment affirmed. Carlisle, P. J., and Nichols, J., concur.*