39873, 39874.   NICKLE v. ARMSTRONG FURNITURE
COMPANY, INC. et al. (two cases).

DECIDED FEBRUARY 18, 1963.

*Josephine M. Plunkett, Gilbert E. Johnson,* for plaintiffs in error.

*Willis J. Richardson, Jr., Weir D. Walker, Ogden Doremus,* contra.

BELL, Judge. ■ It is contended that the two verdicts rendered by the same jury on the same facts in the actions are illegal, illogical, inconsistent, erroneous and conflicting.

While we do agree that the two verdicts are illogical, inconsistent and conflicting, we cannot find either of them to be illegal or erroneous on the basis asserted in special ground 1. It is well settled in this State that, where two separate common-law actions brought by different plaintiffs against the same defendant are by consent tried together, this does not have the effect of merging the two cases into one, as the common trial is pursued merely for the purpose of expediting the business of the court and for the convenience of the parties, counsel, and the jurors concerned. Even where an order is passed, upon agreement of counsel, consolidating two common-law actions of two different plaintiffs against the same defendant and directing that they be tried together, the order does not have the effect of merging the two cases into one but simply provides that they are consolidated for purposes of trial. *Brown v. Louisville &c. R. Co.,* 117 Ga. 222 (43 SE 498); *Averitt v. Simpson,* 147 Ga. 352 (94 SE 242); and see *Brownlee v. Brownlee,* 203 Ga. 377 (46 SE2d 901).

There could have been no complaint had the two present cases been tried before separate juries at different times with the same results reached as in the present cases. The fact that they were tried together here does not change the effect, for the two cases remain what they originally were—two separate and distinct actions. There is no merit in special ground 1 in either case.

■ Special ground 2 of the motion for new trial in the husband's case contends that the trial court erred in charging the jury as follows: "I have already charged you, but will mention it again at this time, that special damages, such as damages to the automobile, doctors' bills, loss of services, loss of time, have to be proven in order to be recovered, and I have already charged

you that general damages require no specific proof as to amount, that is a matter that addresses itself to the enlightened minds of a fair and impartial jury under all of the facts and circumstances of the case."

It is apparent that the effect of this charge was to instruct the jury that loss of services must be proven in order to be recovered. The husband contends that this is not sound as an abstract principle of law.

Our appellate courts have held that where the husband brings an action to recover the reasonable value of the services of his wife lost to him as a result of tortious injury to her, there need be no direct or express evidence of value of her services either by the day, week, month or any other period of time or of any aggregate sum. *Metropolitan St. R. Co. v. Johnson*, 91 Ga. 466, 471-2 (18 SE 816); and *Georgia R. &c. Co. v. Shaw*, 25 Ga. App. 146 (3) (102 SE 904).

In view of the language of the charge that loss of services has to be proven in order to be recovered, we feel the jury could have been led to the erroneous conclusion that there must be specific proof as to the amount of the value of the loss of services of the wife.

Since the charge attacked could have misled the jury, the trial court erred in overruling special ground 2 of the motion for new trial in the husband's action for damages.

The general grounds were abandoned in each case.

*Judgment affirmed in case No. 39873; reversed in case No. 39874, as to special ground 2 only. Carlisle, P. J., and Hall, J., concur.*