### 40825. ARMSTRONG FURNITURE COMPANY, INC. et al. v. NICKLE.

DECIDED NOVEMBER 24, 1964.

*Richardson & Doremus, Willis J. Richardson, Jr., Weir D. Walker,* for plaintiffs in error.

*Josephine M. Plunkett, Gilbert E. Johnson,* contra.

BELL, Presiding Judge. ■ The first special ground of the motion for new trial assigns as error the admitting into evidence over defendants' objections proof of the testimony of Eugene Darnell, a witness on a former trial of the same case.

Prior to admission of the proof of the inaccessible witness' testimony on the former trial the witness' wife testified that the witness was out of the country. This testimony was sufficient

to make a prima facie showing of the witness' inaccessibility within the purview of *Code* § 38-314. *Eagle &c. Mfg. Co. v. Welch,* 61 Ga. 444, 448 (2); *Estill v. C. & S. Bank,* 153 Ga. 618, 621-625 (5) (113 SE 552).

Theodore Heriot, a witness offered by the plaintiff, testified that he was the official reporter of the City Court of Savannah, Georgia and that he, in that capacity, had reported a previous trial of this case and had briefed the evidence in that case. Heriot explained the method he used in preparing a brief of evidence and testified to the care he took in assuring the accuracy of testimony included in his brief. It is evident that the testimony of the inaccessible witness, Darnell, given on the former trial, as briefed by the court reporter, was identified by the reporter and was sufficient to show that the reporter professed "to remember the substance of the absent witness' testimony in the former trial."

The testimony as to the inaccessibility of the witness coupled with the testimony of the official court reporter fulfilled the requirements of *Code* § 38-314.

■ Special ground 2 complains that the trial court erred in charging the jury as follows: "The testimony of a witness delivered at a former trial of the same case and between the same parties, when admitted in evidence on the second trial in the absence of the witness, has approbative[1] value as original testimony." This charge was correct in principle. *Maynard v. Rawlins,* 45 Ga. App. 91 (163 SE 269). Proof of the testimony of Darnell having been properly admitted into evidence, the charge was apt and pertinent.

■ Special ground 3 assigns error upon the following charge to the jury: "The duty to exercise ordinary care to avoid the consequences of another's negligence does not arise until the person injured knew, *or in the course of ordinary care ought to have known of the negligence,* or such negligence as apparent, *or by the exercise of ordinary care should have been apparent* if negligence there was." (Emphasis added.) The defendants

---

[1]In this sense the word "probative" is more current and would have been a better choice.

contend that this charge was erroneous "in that it tends to absolve the plaintiff from any duty to exercise such care until after the actual discovery of the defendant's negligence." In view of the portion of the charge which we have emphasized, there is no merit in this ground of the motion for new trial.

■ Special ground 4 assigns as error a part of the court's charge to the jury on the ground that the portion tended to mislead the jury by indicating to them that the plaintiff could recover for the personal injuries and pain and suffering of his wife when his suit was properly for loss of consortium and other damages to him.

This portion of the charge was proper and correct. It dealt with the necessary and essential requirement for liability that negligence produced the wife's injuries and gave the rules of proximate cause and comparative negligence as applied both to the defendant and as to the plaintiff's wife who were the participants in the vehicular collision. As stated by Judge Eberhardt in a rare full bench decision of this court in the case of *Hightower v. Landrum,* 109 Ga. App. 510, 514 (136 SE2d 425): "The right of the wife to recover for loss of consortium on account of alleged injuries inflicted upon her husband can not arise unless her right to the consortium has been adversely affected under circumstances giving rise to liability and from which liability attaches. Suppose, for example, it should appear that the husband's injuries had resulted from a pure accident, or from some non-negligent act of another, certainly it could not be held that simply because the consortium is lost the wife may recover. And so, before making any determination that the wife is entitled to recover the jury must determine whether the consortium has, in fact, been lost and, if so, whether the cause of the loss was such as to give rise to liability on the part of the defendants. One spouse's right of action for the loss of the other's society or consortium is a derivative one, stemming from the right of the other."

In the interest of clarification for those who may at first glance consider Judge Eberhardt's *Hightower* (supra) in conflict with this writer's opinion in a prior appearance of the instant case (*Nickle v. Armstrong Furniture Co.,* 107 Ga. App. 362, 130

SE2d 249), it is suggested that reference be made to the cases of *Blakewood v. Yellow Cab Co. of Savannah,* 61 Ga. App. 149 (6 SE2d 126) and *Russ Transport, Inc. v. Jones,* 104 Ga. App. 612 (122 SE2d 282). These latter cases make it clear that a husband and wife are not privies within the sense that one is barred from pursuing an independent action for loss of consortium of an injured spouse where the one. injured has lost an action on the basis of a jury's finding of no liability.

Special ground 4 has no merit.

■ The remaining special ground assigns error upon a charge of the court that the jury should consider statements and bills for medical expenses introduced into evidence "in that said charge was an instruction to the jury to consider matters of specific special damages, no statements and bills having been tendered or introduced in evidence and there being no proof or evidence thereof, and said charge was thus not supported by evidence." The charge complained of referred to certain documentary exhibits identified by the plaintiff but not actually introduced into evidence or placed in the record. In identifying these exhibits the plaintiff testified as to their contents, and this oral testimony divulging the contents of the exhibits was admitted without objection. Any error in instructing the jury to consider the statements and bills was, therefore, harmless to the defendants. *McArthur v. Roadway Express, Inc.,* 109 Ga. App. 30, 31 (135 SE2d 67).

■ The evidence authorized the verdict.

The trial judge did not err in denying the defendant's motion for judgment notwithstanding the verdict nor in denying the defendant's motion for new trial.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*