41153. PURDY v. NORRELL.

FRANKUM, Judge. ■ A demurrer to an original petition does not cover it after a material amendment, and if the defendant intends to rely on the demurrer against the petition as

amended, he must renew it. *Jackson's Mill &c. Co. v. Holliday,* 108 Ga. App. 663 (1) (134 SE2d 563). For an amendment to be material within the meaning of the foregoing rule it must be one which materially aids and strengthens the cause of action. *Horton v. Walker,* 204 Ga. 319, 320 (2) (49 SE2d 900) ; *Bruce v. Roberts,* 219 Ga. 394 (1) (133 SE2d 327). In the instant case the defendant filed general and special demurrers to the original petition of the plaintiff. The trial court overruled the general demurrer and sustained certain grounds of the special demurrer relating to the allegations of negligence charged against the defendant. The plaintiff amended by expanding and elaborating on the allegations of negligence. So far as the bill of exceptions and the record before this court show, the defendant did not renew his general demurrer to the petition. The amendment having been a material one within the meaning of the rule as above announced, the assignment of error on the overruling of the general demurrer which was not renewed after a material amendment to the petition presents nothing for this court to consider.

Mrs. Norrell, the defendant in error, sued Purdy, doing business as Veterans Cab Company, on account of personal injuries sustained by her while riding as a fare paying passenger in the defendant's taxicab, which injuries were alleged to have been sustained as a result of the negligent operation of the taxicab by the defendant's driver. Her minor son, who was riding with her, also filed suit for his alleged injuries, and when the cases came on for trial they were, by a formal order of the trial court, consolidated for trial and were tried together. The evidence regarding the negligence of the defendant was the same in each case, while that which related to the injuries of each plaintiff was, of course, different. The jury returned a verdict for the plaintiff in this case, and for the defendant in the son's case. In a motion in arrest of judgment the defendant contended that the verdicts were so repugnant and inconsistent and in such irreconcilable conflict that this verdict could not be permitted to stand. No contention is made in connection with this motion that the verdict in this case was not authorized by the evidence. Under the facts as revealed by the record in this case it cannot be said that the evidence demanded a verdict in favor of the plaintiff's son in some amount, inasmuch as the evidence introduced

548

pertaining to his injuries was, at best, weak, unsatisfactory, and unconvincing. We cannot say, therefore, that the jury was not authorized to find under the evidence that he was not in fact injured, and that he therefore suffered no damage for which the defendant should be made to pay compensation. Accordingly, the trial court did not err in overruling the motion in arrest of judgment in this case as the verdicts in the two cases were not necessarily inconsistent. See *Nickle v. Armstrong Furniture Co.*, 107 Ga. App. 362, 363 (1) (130 SE2d 249).

■ It was not error for the court to fail to instruct the jury that, in awarding damages to the plaintiff for future pain and suffering, such damages should be reduced to their present cash value. "Pain and suffering not having any marketable value, and money compensation therefor not being susceptible [of] mathematical determination, but the amount of recovery therefor being left to the enlightened consciences of impartial jurors . . . , a jury in a personal injury suit, where damages for future pain and suffering are sued for, should not be instructed that the amount representing the monetary compensation for future pain and suffering should be reduced to its present worth." *Southern R. Co. v. Bottoms,* 35 Ga. App. 804 (2) (134 SE 824). *Western & A. R. v. Dobbs,* 36 Ga. App. 516 (4) (137 SE 407); *Chancey v. Shirah,* 96 Ga. App. 91, 95 (4) (99 SE2d 365); *Wright v. Lail,* 219 Ga. 607, 610 (135 SE2d 418). Special ground 2 does not show error.

■ Special ground 3 complains because the court "erred in stressing and unduly accentuating the theory of slight negligence, in that the court in his brief charge used the term 'slight negligence' eleven (11) times." This ground is wholly insufficient to authorize this court to make any ruling thereon. No particular portion of the charge is excepted to, and we cannot ascertain therefrom whether any particular portion of the charge as given was erroneous.

■ The remaining special grounds of the motion for a new trial are without merit. The evidence authorized the verdict for the plaintiff and no error of law appears.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

SUBMITTED FEBRUARY 3, 1965—DECIDED APRIL 7, 1965.

*Whelchel, Dunlap & Gignilliat, William P. Whelchel,* for plaintiff in error.

*John N. Crudup,* contra.