50212, 50213. JARRETT v. PARKER (two cases).

MARSHALL, Judge.

Carol Parker, while driving her husband's automobile, was involved in a collision with an automobile driven by Jarrett. Subsequently, Carol Parker filed suit for damages against Jarrett for personal injuries alleged to have been sustained as a result of the defendant's negligence. Contemporaneously therewith, Dallas Parker, the plaintiff's husband, filed suit for damages against defendant, claiming damages for his automobile, his wife's medical expenses, and loss of consortium, all as a result of the defendant's negligence. Dallas Parker was not in the vehicle operated by his wife at the time of the collision. The two cases were tried together. At the conclusion of the evidence, the jury returned a verdict for the defendant in the case brought by Carol Parker for her personal injuries. In the case brought by Dallas Parker the jury returned a verdict, as follows: "We the jury find for the plaintiff in the amount of $950, car — $350, medical expenses — $600."

Both plaintiffs filed separate motions for new trial, and the defendant filed a motion for judgment notwithstanding the verdict in the Dallas Parker case. The trial court granted both plaintiffs' motions for a new trial on the special ground that the verdict against the wife and the verdict in favor of the husband were inconsistent and illegal, and because the court had charged erroneously to the effect that the jury might find for one plaintiff and not for the other plaintiff. The defendant's motion for a judgment notwithstanding the verdict was denied. These orders were certified for immediate review. The appellant enumerates as error the

granting of plaintiffs' motions for new trial on the grounds stated in the trial judge's order. *Held:*

1. Even though this be the first grant of a new trial, the same is reviewable since the motions for new trial were granted solely upon special grounds and not upon the general grounds. Code § 70-208. See *Speer v. Gemco Elevator Co.,* 134 Ga. App. 360, 362 (214 SE2d 425) and cases cited therein.

2. Except in plain, palpable and indisputable cases, all questions of negligence, contributory negligence, and cause and proximate cause, and of whose negligence or of what negligence constitutes the proximate cause of an injury are for jury determination. *Long Const. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726); *Montgomery v. Southern R. Co.,* 78 Ga. App. 370 (1d) (51 SE2d 66). Under the evidence and law applicable, these cases were for jury determination, as the evidence was sufficient to authorize a finding either for the plaintiff or the defendant. The court did not err in denying the motion for a judgment notwithstanding the verdict.

3. We now come to the controlling question here. As these two separate cases were tried together before the same jury, at the same time, and with the same evidence, was the jury obliged to find for both plaintiffs or against both plaintiffs?

There seems to be no question that under the law in Georgia one spouse is not a privy of the other spouse's prior suit for personal injuries within the meaning of Code § 110-501. See *Russ Transport, Inc. v. Jones,* 104 Ga. App. 612 (122 SE2d 282); *Blakewood v. Yellow Cab Co.,* 61 Ga. App. 149 (6 SE2d 126). Thus we have held that "a husband and wife are not privies within the sense that one is barred from pursuing an independent action for loss of consortium of an injured spouse where the one injured has lost an action on the basis of the jury's finding of no liability." *Armstrong Furniture Co. v. Nickle,* 110 Ga. App. 686, 689 (140 SE2d 72).

However, in those cases, and in others (*Owens v. Williams,* 87 Ga. App. 238 (73 SE2d 512); *Fenster v. Gulf States Ceramic,* 124 Ga. App. 102, 106 (182 SE2d 905)), the husband's and wife's suits were tried separately at different times, before different juries. Appellant urges us

to follow the language in *Nickle v. Armstrong Furniture Co.,* 107 Ga. App. 362 (130 SE2d 249) to the effect that there should be no difference in the jury's verdicts as to the two spouses whether they are tried together or separately. We do not agree and for that reason must overrule *Nickle.*

As we stated in *White v. Hammond,* in 129 Ga. App. 408, 411 (199 SE2d 809), "If the cases were tried separately, the evidence would be presented to twelve different people at each trial. Each jury would hear the evidence — it might be substantially the same at both trials, but it would not be identical. Each jury would observe the witnesses' way and manner of testifying at each trial and form an opinion on the credibility of the witnesses and the weight to be given their testimony — here again, there may be great similarity, but there would not be exact duplication. This is true because as no two people are exactly alike so no two juries are exactly alike. Witnesses do not offer *exactly* the same testimony in *exactly* the same manner when testifying at separate trials. Perhaps of even more significance, at separate trials there are different juries, hearing the testimony with different ears, observing the witnesses with different eyes and interpreting and evaluating the evidence with different minds. This, as much as anything, explains and justifies the sometime inconsistent verdicts based on 'the same facts' by different juries. However, in this case, and in *Nickle,* supra, the *same jury* heard the evidence in both cases. The witnesses testified only once. Their testimony was *exactly* the same in *both* cases. Their mode and manner of testifying was *exactly* the same in *both* cases. The *same* jury weighed the evidence and the credibility of the witnesses, and came up with unreconcilable verdicts. This type of result breeds an inconsistency into our system that undermines its foundation through destruction of its credibility. *Nickle v. Armstrong Furniture Co.,* 107 Ga. App. 362, supra, is expressly disapproved insofar as it allows inconsistent verdicts from the same jury."

The doctrine of stare decisis does not freeze a decision into our law in perpetuity. Our law is a constantly growing, evolving, developing body. This is particularly the case where the precedent relied upon is a single case decided as late as 1963, which has been cited only once to

our knowledge, i.e., *Purdy v. Norrell,* 111 Ga. App. 546 (2) (142 SE2d 311).

"[T]he principle of stare decisis is effective in this State and should be followed unless and until the older decisions on a question have been overruled. If it is to be argued that cases can not be overruled because of stare decisis, then no case could ever be overruled. Certainly, this is not a sound position." *Capers v. Ball,* 211 Ga. 502, 506 (5) (87 SE2d 85). After extolling the virtues of stare decisis, the Supreme Court in *Almand v. Almand & George,* 95 Ga. 204, 207 (22 SE 213) held that, "We do not mean to say that every decision, however erroneous, should be permitted to stand, nor ought reverence for a mere precedent control the judgment of a court of last resort." In *Robison v. Beall,* 26 Ga. 17, 59-62, that court discussed at length what decisions a court is *not* bound to follow. In *Aultman v. Spellmeyer,* 111 Ga. App. 769, 773 (143 SE2d 403), Judge Bell aptly summarized the duty of the courts in this regard, thusly: "In *City of Atlanta v. First Presbyterian Church,* 86 Ga. 730, 733 (13 SE 252, 12 LRA 852) Chief Justice Bleckley wrote 'Courts, like individuals, but with more caution and deliberation, must sometimes reconsider what has been already carefully considered, and rectify their own mistakes.' And again in another case the same Chief Justice said, 'Some courts live by correcting the errors of others and adhering to their own . . . At the peril of their lives they must discover error abroad and be discreetly blind to its commission at home.' *Ellison v. Georgia R. Co.,* 87 Ga. 691, 695-696 (13 SE 809). These admonitions are but another way of saying honestly that appellate courts are courts for the correction of errors including their own."

We conclude that the jury verdicts here were inconsistent, repugnant and illegal, because of the jury's award to the husband of his wife's medical expenses. In this case, the husband's cause of action for *medical expenses* and *loss of his wife's services* are wholly derivative from the wife's cause of action. See *Bray v. Westinghouse Electric Corp.,* 103 Ga. App. 783 (120 SE2d 628); *Hightower v. Landrum,* 109 Ga. App. 510, 514 (136 SE2d 425). But, see dictum in *Fenster v. Gulf States Ceramic,* 124 Ga. App. 102, 106, supra. If the jury decided

against the wife, it, in effect, determined that the defendant had not caused her injury and without injury she could not have incurred medical expenses[1] and the husband could not have lost her services. In other words, the same jury's verdict against the wife necessarily precluded those claims for damages sought by the husband which are derivative from the wife's claim. (The rule appears to be different where separate juries are involved, there being no collateral estoppel even as to damages that are purely derivative. See Annot., 12 ALR3d 933 (1967); 41 AmJur2d 387, Husband & Wife, § 460 (1968)).

Here, as in *White,* the jury was authorized to find that the wife had not been injured by the defendant's negligence but that the husband had been, in the form of damages to his car. The evidence in this case shows that Carol Parker's injury was primarily to her back and was substantially subjective in nature. The evidence of her injury, though it may authorize a verdict in her favor, does not demand such a verdict. "[N]egligence without injury or damage gives no cause of action; to support the action there must be not only the negligent act, but a consequential injury, the injury being the gravamen of the charge." 1 AmJur2d 597, Actions, § 69. Therefore, it was not necessary for the jury in this case to award damages to the plaintiff wife even though it may find that the defendant was negligent, where it is authorized to find that that negligence did not cause her an injury. See *Krasner v. Lester,* 130 Ga. App. 234 (202 SE2d 693); *Brown v. Nutter,* 125 Ga. App. 449 (5) (188 SE2d 133); *Brown v. Wingard,* 122 Ga. App. 544 (4) (177 SE2d 797); *Levine v. Nowell,* 115 Ga. App. 79 (153 SE2d 729).

That such result encourages multiple litigation is a problem that must be addressed to the legislature. If consolidation for trial of both the husband's and wife's

---

[1]We recognize that in some situations, medical expenses may be incurred for an examination or checkup after a collision, even though no injury is discovered. For such expenses, the spouse should be entitled to recover. Such is not the situation in the present case.

claims in such cases were made mandatory by legislative action, not only would there be a savings in court time and a convenience to the parties, but any confusion on the part of the jurors as to how to reach consistent verdicts could be avoided by the use of special verdicts as authorized under CPA § 49 (Code Ann. § 81A-149). We, therefore, affirm the trial court's granting of plaintiff's motion for new trial on the basis that the jury's verdict was inconsistent, irreconcilable and illegal.

Judgment affirmed. *Bell, C. J., Deen, P. J., Quillian, Clark, Stolz* and *Webb, JJ., concur. Pannell, P. J., concurs in the judgment only. Evans, J., dissents.*

ARGUED FEBRUARY 10, 1975 — DECIDED MAY 23, 1975 — REHEARING DENIED JUNE 19, 1975 — ▮▮▮▮▮▮▮

*N. Forrest Montet, Malcolm P. Smith,* for appellant. *Robert B. Struble,* for appellee.

EVANS, Judge, dissenting.

Carol Parker sued E. S. Jarrett for personal injuries arising out of an automobile wreck. Dallas Parker, her husband, sued E. S. Jarrett because of the same automobile wreck, alleging as damages his loss of his wife's consortium, medical expenses, and automobile damages.

By agreement the two separate cases were tried before the same jury, at the same time. The trial court charged the jury that they would consider the two cases separately, and they were empowered to return a verdict for one plaintiff, and against the other; or for both plaintiffs, or against both plaintiffs, in separate verdicts. The jury returned a verdict in favor of the plaintiff husband for $950, and against the plaintiff wife.

Both the plaintiffs filed separate motions for new trial, and the trial court entered one order in which he held that a new trial was granted in each case, but upon special grounds, to wit: because the verdict against the wife and the verdict in favor of the husband were inconsistent and illegal; and because the court had charged erroneously to the effect that the jury might find for one plaintiff and not for the other plaintiff.

Defendant's motion for judgment notwithstanding the verdict in the husband's case, and his motion for new trial in both cases, were overruled, and defendant appeals.

The majority hold that even though the separate cases were *consolidated for trial only* and the jury was instructed to return separate verdicts, nevertheless under Code Ann. § 81A-142 (a) this amounted to a consolidation of all of the actions, and was not merely a joint trial. They also seek to overrule *Nickle v. Armstrong Furniture Co.,* 107 Ga. App. 362 (1) (130 SE2d 249), and to bolster the divided opinion of *White v. Hammond,* 129 Ga. App. 408, 411 (199 SE2d 809). The *White* case originally obtained only four votes, and was therefore insufficient to overrule *Nickle,* supra. I do not agree that the two cases here were consolidated. It is crystal clear in these two cases at bar there was no complete consolidation of both cases, but they were consolidated in a very limited fashion to avoid two separate trials. I therefore dissent.

1. I agree fully with Divisions 1 and 2 of the majority opinion, which merely recite clearly established law.

2. We now come to the controlling question here. As these two separate cases were tried together before the same jury, at the same time, and with the same evidence, was the jury obliged to find for both plaintiffs or against both plaintiffs? Could the jury split its verdict and find for one plaintiff and against the other plaintiff?

3. There is no privity between husband and wife as to separate suits by each of them, because of the husband's injuries, or because of the wife's injuries, arising out of the same transaction and involving the same negligence. This was plainly held in *Blakewood v. Yellow Cab Co.,* 61 Ga. App. 149 (3, 4) (6 SE2d 126); *Owens v. Williams,* 87 Ga. App. 238, 243 (73 SE2d 512); *Russ Transport, Inc. v. Jones,* 104 Ga. App. 612 (122 SE2d 282); *Fenster v. Gulf States Ceramic,* 124 Ga. App. 102, 106 (182 SE2d 905). For illustration, if the wife is injured, she may lose her suit for personal injuries, while the husband may win his suit for loss of her services and for medical expenses. Neither case is determinative of or res judicata as to the other.

4. This matter has been clearly and concisely decided in the case of *Nickle v. Armstrong Furniture*

*Company,* 107 Ga. App. 362, 363 (1) (130 SE2d 249), which case, until now, has never been overruled and is therefore binding as a precedent on this court. It holds in Headnote 1: "Where two separate common-law actions brought by different plaintiffs against the same defendant are by consent tried together, this does not have the effect of merging the two cases into one, as the common trial is pursued merely for the purpose of expediting the business of the court and for the convenience of the parties, counsel, and the jurors concerned." In *Nickle,* supra, the wife sued for her personal injuries and the husband sued for loss of her services, medical expenses incurred in treatment of the wife, and for damages to the automobile. The wife lost her case, while the husband won his case. This court held that while the verdicts were illogical, inconsistent and conflicting, *"we cannot find either of them to be illegal or erroneous . . ."* (Emphasis supplied.)

The *Nickle* case was followed by this court in *Purdy v. Norrell,* 111 Ga. App. 546 (142 SE2d 311), involving separate suits by a mother and her minor son, which cases were by formal order consolidated and tried together. The mother won her case, and the son lost his case, and it was held that the verdicts were legal verdicts.

5. As neither of the above cases has been overruled, they stand as controlling authority under the principle of *stare decisis,* and must be followed. *Cauble v. Weimer,* 101 Ga. App. 313, 316 (113 SE2d 641); *Drury v. State,* 211 Ga. 888, 889 (89 SE2d 513); *Eschen v. Roney,* 127 Ga. App. 719, 725, 726 (194 SE2d 589).

6. But the majority cite and rely strongly upon a more recent case of this court, to wit, *White v. Hammond,* 129 Ga. App. 408, 411, 412 (199 SE2d 809), where husband and wife brought separate suits, which were tried together, because of injuries to the wife. The wife lost her case, and the husband won his case, and this court held that these verdicts were inconsistent and therefore illegal and that "the trial judge erroneously failed to sustain the plaintiffs' joint motion for new trial as to both defendants in both cases, and a new trial is granted."

The decision in the *White* case could not have been legal because the *Nickle* case stood unreversed. In *White,*

at page 411, it is stated that the *Nickle* case was erroneously decided, and at page 412 it is stated: *"Nickle v. Armstrong Furniture Co.,* 107 Ga. App. 362, supra, *is expressly disapproved insofar as it allows inconsistent verdicts from the same jury."* (Emphasis supplied.) This language would have been sufficient to dispose of *Nickle* and get it out of the way of the *White* holding, except for the fact that *five votes* of the members of the Court of Appeals are required in order to overrule a previous decision "by any division alone." Code Ann. § 24-3501. The majority opinion in the *White* case is approved by *only four judges,* with one judge concurring in the judgment, one concurring specially, and three dissenting.

7. Therefore, the question now confronting this court is whether we will stand by *Nickle,* or stand by *White,* and overrule *Nickle. Nickle* appears to be grounded on sound reasoning. But the majority now seek to overrule it.

8. The learned trial judge in this case correctly charged the jury that split verdicts might be rendered, and correctly tried the case on this theory. This is a situation where foresight was better than hindsight. If the trial court had granted the motions for new trial on general grounds, this court would have been powerless to interfere. Code §§ 6-1608, 70-208. But having granted same on special grounds which were not meritorious, I would reverse.