63289. STAPLETON v. PALMORE.

BIRDSONG, Judge.

We granted interlocutory appeal in this case to determine whether a defendant who won a verdict when sued by an injured party (see *Palmore v. Stapleton,* 157 Ga. App. 691 (278 SE2d 476)) is entitled to summary judgment in a subsequent suit by the party's spouse for loss of consortium based on the same injuries occasioned by the same accident.

We conclude that a subsequent suit for loss of consortium is not barred by an earlier verdict for the defendant on the question of liability for the injured party's injuries. We are controlled by the following cases, where we held that the spouse is neither privy nor

party to the injured plaintiff's cause of action insofar as consortium rights are concerned, and thus under principles of res judicata is not barred by a prior verdict in an earlier trial in favor of the defendant as to liability for tort to the injured party: *Deese v. Parks,* 157 Ga. App. 116 (276 SE2d 269); *Rutland v. Fuels,* 135 Ga. App. 143 (217 SE2d 167); *Armstrong Furn. Co. v. Nickle,* 110 Ga. App. 686 (140 SE2d 72); *Russ Transport v. Jones,* 104 Ga. App. 612 (122 SE2d 282); *Owens v. Williams,* 87 Ga. App. 238 (73 SE2d 512); and *Blakewood v. Yellow Cab Co.,* 61 Ga. App. 149 (6 SE2d 126). Contra, *Bray v. Westinghouse Electric Corp.,* 103 Ga. App. 783 (120 SE2d 628); and see *Smith v. Tri-State Culvert Mfg. Co.,* 126 Ga. App. 508 (191 SE2d 92); *Hightower v. Landrum,* 109 Ga. App. 510 (136 SE2d 425); see also *Ross v. Central R. &c. Co.,* 59 Ga. 299; and Jones v. Beasley, 476 FSupp. 116 (M.D. Ga.); Turner v. Southern R. Co., 437 F2d 1352; Collins v. Seaboard C. R. Co., 516 FSupp. 31. The rule is different where the injured person and the spouse combine their separate suits in one trial, for in that case we have said that where one jury has heard the same evidence on the same issue it cannot render inconsistent verdicts as might two separate juries. *Burnett v. Doster,* 144 Ga. App. 443 (241 SE2d 319); *Clark v. Wright,* 137 Ga. App. 720 (224 SE2d 825); *Jarrett v. Parker,* 135 Ga. App. 195 (217 SE2d 337); *White v. Hammond,* 129 Ga. App. 408 (199 SE2d 809); and see *Douberly v. Okefenokee &c. Corp.,* 146 Ga. App. 568 (246 SE2d 708). On the subject of consortium cases, see also *Stone Mountain Memorial Assn. v. Herrington,* 225 Ga. 746, 749 (171 SE2d 521).

In one of the appeal briefs in this case it is asserted: "[I]t would be the ideal for it to be mandatory that such suits be tried together (with appropriate charges in jury trials). However, this must be addressed to the legislature for an amendment to the Civil Practice Act." We find, however, that such a statutory provision already exists. It would seem that Code Ann. § 81A-119 (a) would have a clear and direct application to personal injury and consortium cases, where it provides: "A person who is subject to service of process shall be joined as a party in the action if . . . (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . (ii) leave any of the persons who are already parties subject to a substantial risk of incurring . . . inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made . . . an involuntary plaintiff. . . ." However, we are unable to apply this code section to personal injury and consortium cases, since in 1964 the legislature, apparently being unimpressed with the logic of *Pinkerton &c. Agency v. Stevens,* 108 Ga. App. 159, 161-162 (132 SE2d 119),

made actions for loss of consortium subject to a four-year statute of limitations. Code Ann. § 3-1004. Hence, however clearly Code Ann. § 81A-119 might seem to apply to personal injury and consortium cases, we are not authorized to force joinder of causes of action having different statutes of limitation. Moreover, according to Code Ann. § 81A-119 (b), persons who fit the description in Code Ann. § 81A-119 (a), just quoted, are "thus . . . regarded as indispensable," but the defendant is not entitled to any of the alternative sanctions given in Code Ann. § 81A-119 (b) for we have held that the consortium plaintiff has the right to a separate trial with a different jury rendering a verdict of liability that is inconsistent with the verdict rendered in the suit for personal injury itself. See *Jarrett v. Parker,* supra; *White v. Hammond,* supra.

The defendant in the case sub judice was not entitled to summary judgment against the wife in her loss of consortium suit merely because a previous jury in a prior trial had determined the defendant was not liable for the husband's injury. *Deese,* supra; *Rutland,* supra; *Armstrong Furniture,* supra; *Russ Transport,* supra; *Owens,* supra; *Blakewood,* supra. The trial court did not err in denying summary judgment to the defendant on this account.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED MAY 19, 1982 —
REHEARING DENIED JUNE 10, 1982 —

*William H. Pinson, Jr.,* for appellant.
*Charles R. Ashman,* for appellee.
*Don C. Keenan, O. Torbitt Ivey, Jr., Thomas R. Burnside, Jr., James B. Wall, Gould B. Hagler,* amicus curiae.